CASPER F. SCHEERSCHMIDT v. O. P. SMITH.

November 14, 1898.

Nos. 11,385—(104).

**Statute of Frauds—No Waiver of Contract—Evidence of Oral Waiver of Performance—Extension of Time.**

While a written contract, within the statute of frauds, cannot, so long as it remains executory, be altered orally, so as to bind the parties, as a part of the contract, yet evidence is admissible to prove an oral waiver of performance according to the terms of the contract as a ground of forfeiture, as, for example, by orally agreeing to extend the time of payment.

**Contract of Sale and Lease—Forfeiture and Eviction—Measure of Damages.**

Defendant executed to plaintiff a contract by which he leased the premises to the plaintiff for a term of years, at a fixed annual rent, and agreed to sell and convey the premises to him at the end of the term for an agreed price. During the term the defendant broke the contract by declaring it forfeited and evicting the plaintiff. *Held*, that the measure of plaintiff's damages was the difference between the value of the land at the time of the eviction and the sum which plaintiff agreed to pay for it.

Action in the district court for Blue Earth county to recover $2,604 damages for breach of contract. The case was tried before Severance, J., and a jury, which rendered a verdict in favor of

defendant in the sum of $1,500. From an order denying a motion for a new trial defendant appealed. Affirmed.

*H. L. Schmitt* and *Lorin Cray,* for appellant.

It was error to admit evidence of extension of the time of payment and waiver of the security, because the evidence tended to vary the terms of a written contract under seal, and one required by the statute of frauds to be in writing. Hewitt v. Brown, 21 Minn. 163; Brown v. Sanborn, 21 Minn. 402; Abell v. Munson, 18 Mich. 305; Blood v. Goodrich, 9 Wend. 67; Whittier v. Dana, 10 Allen, 326. The evidence was also incompetent, because the agreement was without consideration. Little v. Rees, 34 Minn. 277; 6 Am. & Eng. Enc. (2d Ed.) 675; Gaar, Scott & Co. v. Green, 6 N. D. 48; Anson, Contr. 82 (c); Warren v. Hodge, 121 Mass. 106; King v. Duluth, M. & N. Ry. Co., 61 Minn. 482. See also McCarthy v. Hampton, 61 Iowa, 287; Vanderbilt v. Schreyer, 91 N. Y. 392; Robinson v. Jewett, 116 N. Y. 40; Jennings v. Chase, 10 Allen, 526. The measure of damages should be based on the difference between the contract price and the market value at the time the land must be conveyed under the contract. Plaintiff had done nothing towards performing the contract so far as the purchase clause was concerned, and all that he did was under the lease. It follows that he is out nothing, and can ask for nothing. Erickson v. Bennet, 39 Minn. 326; Lancoure v. Dupre, 53 Minn. 301. If the measure of damages is not as above stated, then it should be the difference between the purchase price and the market value at the time the contract was entered into, if such difference at any time is the true measure. The question has been discussed in the following cases: Skaaraas v. Finnegan, 31 Minn. 48; Erickson v. Bennet, supra; Lancoure v. Dupre, supra; Fleckten v. Spicer, 63 Minn. 454.

*Pfau & Pfau* and *Thos. Hughes,* for respondent.

The question does not involve modification of contract, but estoppel. Pomeroy, Eq. Jur. § 858. The contract did not provide that time should be of the essence of the contract, which would be an additional reason why a court of equity should grant relief. Austin v. Wacks, 30 Minn. 335; Coles v. Shepard, 30 Minn. 446; Quinn v. Olson, 34 Minn. 422. The time of payment, whether the

contract be or be not in writing, or within the statute of frauds, can be verbally waived. Blair v. Blair, 48 Iowa, 393. There need be no consideration, but the agreement may act by estoppel. Grange v. Palmer, 56 Hun, 481; Ripley v. Etna, 30 N. Y. 136. Aside from estoppel and the power of a court of equity to prevent frauds by unconscionable conduct, the parties might modify or waive the terms of the contract. Performance prevented by the other party is deemed to be executed. Dodge v. Rogers, 9 Minn. 209 (223). Verbal modification of a contract under seal is valid, if executed. Siebert v. Leonard, 17 Minn. 410 (433). If plaintiff, having acted on the parol modification, cannot be placed in statu quo, the modification is binding. Siebert v. Leonard, supra; McClay v. Gluck, 41 Minn. 193. The terms of payment may be waived, though the contract be to convey land. Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Chisholm, 55 Minn. 374. The terms of a contract within the statute of frauds may be waived. Strandberg v. Rossman, 59 Minn. 509; Sherwood v. Wilkins, 50 Minn. 152. The statute has not abrogated the doctrine of estoppel in pais. Bell v. Goodnature, 50 Minn. 417. If the vendor waive time of payment, he cannot rescind without giving reasonable time. Mo v. Bettner, 68 Minn. 179; University v. Polk, 87 Iowa, 36; Izard v. Kimmel, 26 Neb. 51. The measure of damages is governed by Fleckten v. Spicer, 63 Minn. 454.

MITCHELL, J.

In February, 1895, the defendant executed to plaintiff a lease and contract of sale of certain lands, under which the plaintiff went into possession. Thereafter defendant, claiming that plaintiff had defaulted in performance of its conditions, canceled the contract, and resumed possession of the land. Plaintiff thereupon brought this action for damages for the breach of the contract by the defendant.

The terms of the contract of lease and sale were that in consideration of $250, to be paid annually in advance on March 1 of each year, the defendant leased the land to the plaintiff for the term of three years, beginning March 1, 1895; that at the expiration of this time the defendant should sell, and the plaintiff should

buy, the land for $3,500. The contract provided that, if for any reason the plaintiff was unable to pay the $250 in advance on March 1 of any year during the term, he should give the defendant good security for its payment at such time as the parties might agree. It further provided that, if the plaintiff should default in any of its conditions, it should be lawful for the defendant to declare the contract null and void, and any improvements made on the land or moneys paid on the contract by the plaintiff should be considered as settled and liquidated damages, and should belong to the defendant.

Plaintiff went into possession, and paid the $250 for the first year, the defendant not insisting on strict performance as to the time of payment. The plaintiff introduced evidence tending to prove that about the middle of February, 1896, he interviewed the defendant, and inquired of him if he wanted his money on March 1, stating that he did not want to sell his stock until June; that defendant orally replied that it was all right; that plaintiff should have until June to pay the money; that plaintiff, in reliance on this arrangement, omitted to pay the money on March 1; that he did not hear from defendant again until he received a postal card dated March 10, requesting payment of rent due March 1; that on receipt of this notice he went into town and offered to pay the defendant $212 of the amount, but that defendant declined to accept the money, saying that he had no time then to attend to the matter, but would shortly come out and see the plaintiff. On March 12 defendant sent to plaintiff a written notice that the contract "is hereby declared null and void, and of no effect, and you are further notified that you are hereby prohibited from the said premises, or doing or performing any act or work thereon." Almost immediately after giving this notice the defendant evicted the plaintiff, by resuming possession of the premises, and proceeding to plant and crop them himself.

The evidence tends quite strongly to prove that the main reason why defendant attempted to declare the contract forfeited was that the land had greatly risen in value since the contract was executed. It appears that at or about this same time defendant had bargained to sell the land to another person for $1,100 advance over the

price which plaintiff had agreed to pay. Another ground for forfeiture of the contract set up in the answer, and. upon which some evidence was introduced on the trial, was that the plaintiff was guilty of waste in cutting a small amount of standing timber on the premises. We doubt whether, upon the law and evidence, there was anything to submit to the jury on this issue; but the trial court did submit it to them, and they found against the defendant. In this court defendant's counsel claims nothing on this point, but relies, as he necessarily must, as a ground for declaring the contract forfeited, on plaintiff's failure to pay the $250 on due day, March 1, 1896.

The court instructed the jury that, if they found for the plaintiff, the measure of his damages would be the difference between the value of the land at the time of the eviction and attempted annulment of the contract in March, 1896, and the price ($3,500) which plaintiff was to pay for it.

While the assignments of error are quite numerous, the case presents only two legal questions of any importance, viz.: (1) Whether the evidence was admissible to prove an oral waiver by defendant of payment of the $250 on March 1, and an oral promise to extend the time until June; and (2) whether the court adopted the correct measure of damages.

1. The contention of defendant's counsel is that, inasmuch as the contract was within the statute of frauds, it could not be altered or varied by parol.

The law seems to be well settled that an oral variation of a written contract within the statute of frauds, though made in respect of a particular which might, if standing alone, be good by parol, cannot be available as a part of the contract, so long as the whole contract, embracing that which is required to be in writing as well as that which is not, remains executory. Browne, St. Frauds, § 420. Hence/this oral extension of the time of payment became no part of the contract so as to bind the parties. Because it was not in writing, as well as because there was no consideration for it, defendant might have repudiated it and demanded payment at any time.

But in such case he could not declare the contract forfeited for

nonpayment until the plaintiff had a reasonable time thereafter in which to make payment, because the failure to pay on due day was caused by the defendant's own conduct. Undoubtedly plaintiff must recover, if at all, on the written contract. But the distinction must be kept in mind between the contract itself, which is within the purview of the statute, and the subsequent performance, which is not. The oral stipulation for an extension of the time of payment goes simply to the question of performance, constituting an excuse, as it does, for the failure to perform according to the terms of the written contract, and a reason why the defendant had no right to declare a forfeiture on account of such failure. Courts have often indulged in some refined reasoning as to the grounds of the rule, but they seem generally to agree that even as to contracts within the statute of frauds a waiver of a forfeiture for nonperformance, according to the terms of the written contract, may be proven by parol. Perhaps as good a ground as any upon which to put the rule is that of equitable estoppel, that he who prevents a thing being done shall not avail himself of the nonperformance which he himself has occasioned.

What has been already said sufficiently covers the point made by defendant's counsel, that there was no consideration for the promise to extend the time of payment. Neither is there anything in the suggestion that, although there might have been a waiver as to the time of payment, there was none of the condition of the contract that security should be given. No security was asked for, and the extension was not conditional upon plaintiff giving security.

2. The plaintiff had a right to take the defendant at his word, and consider the contract at an end. The breach was total, and the plaintiff had to recover his entire damages, once for all, in this action. What he was entitled to was compensation for the loss of his bargain. This would be the difference between the value of the land at the time of the eviction and what he agreed to pay for it. We had occasion carefully to examine the authorities on this question in Fleckten v. Spicer, 63 Minn. 454, 65 N. W. 926. Had the breach of the contract by the declaration of forfeiture and the eviction not occurred until the date at which the conveyance

was to be executed, the value of the land at that time would have been the proper basis upon which to measure plaintiff's damages; but there having been a total breach, and an eviction, before that time arrived, his damages must be measured as of the date of breach.

3. The amount of the verdict is perhaps somewhat liberal, but we are unable to say that it was not justified by the evidence. Taking into account interest on the amount of the damages from the date of eviction to the date of the trial, the jury found the value of the land at the former date only a few cents over $40 per acre. This is supported by the testimony of the witnesses who testified as to value.

We have examined the record with reference to the various other rulings on the trial which are assigned as error, and find that all of these rulings were either correct, or, at most, error without prejudice. These assignments of error are so numerous and unsubstantial that we do not feel called upon to discuss them.

Order affirmed.