SIMON NISSEL, APPELLANT, v. ROBERT SWINLEY, RESPONDENT.

Argued February 18, 1908—Decided June 8, 1908.

1. Where there is a written contract under seal for the conveyance of land, and the time for performance is extended before breach at the request of the vendor, by a verbal agreement, the vendee cannot thereafter treat the failure of the vendor to convey upon the day fixed by the written contract as a breach.
2. When the time for performance of a written contract under seal for the conveyance of land is extended by a verbal agreement at the request of the vendor, the vendee must put the vendor in default before suing for breach of the contract.   Whether he can do so before the new time fixed for performance is a question not necessary to be decided in the present case.

On appeal from the Passaic District Court.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the appellant, *Cohn & Cohn.*

For the respondent, *Warren R. Hudson.*

The opinion of the court was delivered by

SWAYZE, J.   This is an action to recover damages for breach of a written contract under seal, to convey land, brought by

the vendee against the vendor. At the time fixed for performance of the contract both parties attended. There was outstanding a mortgage which the vendor said he was unable to have canceled that day. A verbal agreement was then made extending the time for the delivery of the deed for three days for the purpose of obtaining a discharge of the mortgage. In the interim the plaintiff gave written notice to rescind. This written notice seems from the state of the case to have been in the form of a letter from the plaintiff's counsel, the material portion of which reads as follows:

"Mr. Nissel was there and ready on May 21st, but you did not appear. He is not able to carry out the agreement and hereby notifies you that the agreement is broken by your non-appearance, and he demands the return of the $100 paid by him."

Upon these facts the district court judge rendered a judgment for the defendant.

The plaintiff cannot recover unless he has shown a breach of the contract by the defendant. That question is narrower than whether a contract for sale of lands under seal can be altered as to the time of performance by parol. The opinion of Chief Justice Green in *Stryker* v. *Vanderbilt*, 1 *Dutcher* 482, is conclusive upon this court. He there expressly approved of Lord Ellenborough's decision in *Cuff* v. *Penn*, 1 *Mau. & Sel.* 21, 26. The reasons for holding that there is no actionable breach under such circumstances are well stated in *Thomson* v. *Poor*, 147 *N. Y.* 402. The court said: "The rule is well understood that if there is forbearance at the request of a party, the latter is precluded from insisting upon non-performance at the time originally fixed by the contract as a ground of action. The case is not as manifest where the party who solicited the forbearance alleges the consent of the other party as an excuse for non-performance. But in such a case, where one party to a contract, before the time for performance by the other party has arrived, consents, upon his request, to extend the time of performance, he must be presumed to know that the other party relies upon the consent; and until he gives notice of withdrawal he has no just right to

consider the latter in default, although meanwhile the contract time has elapsed. We think the principle of equitable estoppel applies in such case." The present case comes within this rule. When the parties came together the time fixed for the performance of the contract had not yet expired. As a part of the negotiations the time was extended before actual breach by the defendant. Although he had stated his inability to secure the cancellation of the mortgage, he might still by proper effort, as far as the case shows, have been able to comply; he naturally relied on the consent to the extension of time, and the plaintiff ought not now to set up the failure to perform on that day as a breach.

There is nothing in the case to show a breach on any other day. Whether the plaintiff could put the defendant in default prior to the new date fixed for performance depends upon the effect to be given to the agreement for extension.

In Massachusetts it is held that although a verbal agreement to extend the time for performance of a contract required by the statute of frauds to be in writing, cannot be made the basis of an action, it is nevertheless a binding agreement, and excuses failure to perform at the time fixed. *Stearns* v. *Hall,* 9 *Cush.* 31. This view finds support in what was said by this court in Stryker *v.* Vanderbilt, and in *Long* v. *Hartwell,* 5 *Vroom* 116, 125. If it is correct the plaintiff may still rely upon the original contract but cannot put the defendant in default until the new date fixed for performance has arrived.

In the English courts it is held that the assent to a postponement of the performance of the contract is not a new contract but is merely a voluntary and revocable forbearance by one party at the request of the other. *Benj. Sales (5th Eng. ed.)* 690; *Ogle* v. *Vane, L. R., 3 Q. B.* 272; 36 *L. J., Q. B.* 175; on appeal, 37 *L. J., Q. B.* 77; *Hickman* v. *Haynes, L. R., 10 C. P.* 598; 44 *L. J., C. P.* 358. If this view is correct the plaintiff, in order to put the defendant in default, must either wait until the new date fixed for performance arrives and tender himself ready and willing to

perform, or he must give notice revoking his consent to the extension of time and allow a reasonable time for performance.

The plaintiff in the present case failed to put the defendant in default whichever view we take. He gave no notice revoking his consent, but waited until the day fixed, and then, without tendering himself ready and willing to perform on his part, caused his counsel to write that he was not able to carry out the agreement.

The fact that the encumbrance upon the land to be conveyed is still uncanceled of record is of no moment. As far as the case shows it may have been paid and may be canceled of record at once. If, however, it has not yet been paid that may well be because the defendant thought it unnecessary to pay it after receiving the plaintiff's notice of rescission. We think the plaintiff has failed to prove an actionable breach by the defendant.

This view is not in harmony with that taken in England by the Court of Common Pleas in *Stowell* v. *Robinson, 3 Bing. N. C.* 928. That decision is subject to the criticism passed upon it by the Massachusetts Supreme Court in *Cummings* v. *Arnold, 3 Metc.* 486, 494, that it overlooks the distinction between the contract of sale, which is required to be in writing, and its subsequent performance, as to which the statute is silent. We held in *Long* v. *Hartwell,* 5 *Vroom* 116, 125, that the statute of frauds simply defeats an action upon the parol agreement relating to land, but does not forbid a defence under the parol contract. Such is the defence set up in this case.

The judgment should be affirmed, with costs.