## No. 10,922.

### DREIER, ET AL. *v.* SHERWOOD, ET AL.

Decided June 22, 1925.

Action to recover payment made on purchase price of real estate. Judgment for plaintiff.

### *Affirmed.*

1. VENDOR AND PURCHASER—*Default*—*Waiver.* Vendor of land under a written contract who orally agrees to extend time of payment of part of the purchase price, waives his right to declare a forfeiture for non-payment thereof on the original date.

2.    CONTRACTS—*Forfeiture—Waiver.* A forfeiture will be deemed waived by any agreement, declaration or course of conduct on the part of him who is benefited by such forfeiture, which leads the other party honestly to believe that by conforming thereto the forfeiture will not be incurred.

3.         *Forfeiture—Waiver.* A party who consents to a postponement of performance by the other party of some stipulation for his benefit, cannot, after the other party has acted on such consent, avail himself of a default, and treat the contract as forfeited.

4.    VENDOR AND PURCHASER—*Forfeiture.* A vendor who orally consents to an extension of the time for making a partial payment under a written contract for the purchase of land, cannot refuse to perform under the oral agreement, and at the same time retain money paid as part of the purchase price.

5.         *Contract—Statute of Frauds.* Where the purchaser of land has partly performed under a verbal contract, he can recover for what he has done in performance of the oral agreement, where the vendor insists on the statute of frauds and refuses to perform.

*Error to the District Court of Jefferson County, Hon. Samuel W. Johnson, Judge.*

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, for plaintiffs in error.

Mr. DUDLEY W. STRICKLAND, Mr. OLIVER W. TOLL, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE plaintiffs had judgment below. The parties will be designated here as in that court.

The plaintiffs entered into a written contract, dated May 5, 1920, with the defendants, for the purchase of a farm in Jefferson county, and paid thereon $5,000, as a part of the purchase price. The full purchase price was $35,000. The contract provided for a payment of $10,000

on or before November 1, 1920, upon the payment of which the plaintiffs were to receive a deed of conveyance for the land, subject to certain incumbrances, and also provided for promissory notes, to be secured by a second trust deed, for the balance of the purchase price, at which time the plaintiffs were to be let into possession of the farm. The contract specifically provided: "However, should the title to said property prove good and merchantable, and the said vendees fail, neglect or refuse to pay the balance of the purchase price of said property in the manner and form hereinabove provided, then, and in that event, the five thousand dollars ($5,000), receipt of which is hereby acknowledged, shall be forfeited to said vendors as liquidated damages, and from thenceforth this receipt and option shall be null and void."

On October 20, 1920, the plaintiffs apprised the defendants of the fact that they were having difficulty in making definite arrangements for the payment of the $10,000 on the due day, as provided in the contract. Thereupon the defendants stated that they would extend the time for the payment of the same, and assured the plaintiffs that that payment could be satisfactorily arranged so as to accommodate them and all concerned. After several conferences between the parties to the contract, it was mutually agreed that the $10,000 should be otherwise discharged than by cash payment, to-wit, by promissory notes secured by other real property owned by the plaintiffs.

The plaintiffs, relying upon the oral agreement, made no further effort to meet the $10,000 payment, and permitted the due day of the written contract to pass, without making a tender of payment to the defendants.

In pursuance of the oral agreement, the plaintiffs furnished the defendants with an abstract of title to the property agreed upon as security. After the due day for the payment of the $10,000 had passed, the plaintiffs were let into partial possession of the farm by the defendants, for the purpose of planting a crop of wheat, mulching berry bushes, and for pasturing their live stock.

The plaintiffs were able and willing to carry out the oral contract. It appears that all the parties were proceeding in harmony with the terms of the oral agreement, with the evident purpose of putting it into full effect, until December 18, 1920, when defendants suddenly changed their minds, and without any previous intimation of so doing, repudiated the oral agreement, by giving the plaintiffs written notice of the forfeiture of the $5,000 paid by the plaintiffs under the written contract. Thereafter the plaintiffs demanded the return of the $5,000, which the defendants refused to do. Plaintiffs thereupon instituted this action to recover back the purchase money so paid by them, and the price of the wheat planted upon the farm. The defendants pleaded the statute of frauds as a defense. The trial resulted in a verdict for the purchase money and the price of the wheat, and the defendants are here by writ of error to review the judgment entered thereon.

The oral agreement waived the right of defendants to declare a forfeiture for the non-payment of the $10,000. *Imperator Realty Co. v. Tull,* 228 N. Y. 447, 127 N. E. 263. "A forfeiture will be deemed waived by any agreement, declaration or course of conduct on the part of him who is benefitted by such forfeiture, which leads the other party honestly to believe that by conforming thereto the forfeiture will not be incurred." *Bowers' Law of Waiver,* § 53.

So, irrespective of whether the written contract, required to be in writing by the statute of frauds, can be altered as to time or manner of performance by a subsequent oral agreement, a party who consents to or requests a postponement of performance by the other party of some stipulation for his benefit, cannot, after the other party has acted on such consent or request, avail himself of the default and treat the contract as forfeited, although performance of the stipulation at the time specified may have been of the essence of the contract. 25 R. C. L. p. 712 § 356.

The defendants, having by their declaration and conduct waived the right of forfeiture under the written contract, cannot refuse to perform under the oral agreement, and at the same time retain the money paid to them as part of the purchase price.

Where the purchaser of lands has partly performed under a verbal contract, he can recover for what he has done in pursuance of the oral agreement, where the vendor insists upon the statute of frauds and refuses to perform. *Neppach v. Oregon & Cal. R. R. Co.,* 46 Oregon 374, 80 Pac. 482; 7 Ann. Cas. 1035; *Kingsley v. Kressly,* 60 Oregon 167, 111 Pac. 385, 118 Pac. 687, Ann. Cas. 1913E, 746; *Colorado L. L. & I. Co. v. Dustin,* 38 Colo. 398, 87 Pac. 1142, 120 Am. St. Rep. 126; *Cobb v. Hall,* 29 Vt. 510, 70 Am. Dec. 432.

We find no reversible error in the record, and we therefore affirm the judgment.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.