## No. 11,946.

### BARR *v.* DAVIS, ET AL.

Decided November 21, 1927.

Action for damages for breach of contract.   Judgment for plaintiffs.

### *Reversed.*

#### *On Application for Supersedeas.*

1.  VENDOR AND PURCHASER—*Contract.*   In an action for damages for breach of a contract of sale and purchase, evidence held not to establish an oral contract of sale.

2.  INSTRUCTIONS—*Pleadings.*   It is error for the court to instruct the jury on matters not included in the pleadings.

3.  CONTRACT—*Agency—Ratification.*   Where a party to a contract for sale and purchase of property denied the authority of one who assumed to act as her agent, but accepted benefits accruing to her by reason of the contract, it is held that she thereby ratified the contract.

4.  VENDOR AND PURCHASER—*Statute of Frauds.*   Where the purchaser of lands has partly performed under a contract, he can recover what he has done in pursuance of the agreement where the vendor insists upon the statute of frauds and refuses to perform.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. J. W. KELLEY, Mr. J. D. KELLEY, Mr. W. R. RAMSEY, for plaintiff in error.

Mr. FELIX L. O'NEILL, Mr. S. S. ABBOTT, for defendants in error.

*Department One.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendants in error brought suit against plaintiff in error to recover damages for alleged breach of contract, and obtained judgment for the sum of $530.81. Defendant prosecutes error and applies for a supersedeas. The parties will be referred to here as in the trial court.

The complaint alleged that in May, 1925, defendant, Nellie Barr, entered into a written contract with one Laura Kibler for the sale of certain real estate therein described. This contract was assigned by Kibler, with the written consent of defendant, to plaintiffs, Davis and wife, and will be referred to herein as Exhibit A; that in April, 1926, while that contract was in full force and effect, plaintiffs and defendant entered into a second and further contract in writing, which will be herein referred to as Exhibit B; that as part of the consideration for Exhibit B, the plaintiffs surrendered to defendant Exhibit A, and all their title and interest in the property therein described. The plaintiff then alleged, "That the plaintiffs, acting in good faith and relying upon the promises made by this defendant, accepted the second contract and have been ready and willing to comply with the terms thereof but that defendant disregarding the rights of these plaintiffs has refused and failed to comply with the terms of the said agreement. * * * That because of the failure of this defendant, plaintiffs have been actually damaged in the principal sum of $1,157.50."

The contract, Exhibit B, recited that it was entered into "between P. A. Kelley, Agent for Nellie E. Barr, party of the first part * * * and Van Davis and Rose Mary Davis, his wife, parties of the second part." Exhibit B provided for the sale and conveyance of certain real estate in the city of Denver, by Barr to the plaintiffs upon the terms and conditions therein provided. Defendant alleged in her amended answer that Kelley

was not her agent and had no authority, written or other-
wise, to make the contract, and for that reason it was
void.

At the trial objection was made by the defendant to
the introduction of any testimony on the ground that the
complaint failed to state a cause of action, which was
overruled.

The court admitted, over objection, evidence to the
effect that prior to the execution of Exhibit B, defendant
and plaintiff Davis had several conversations relative
to a sale by defendant to plaintiffs of a property later
described in that contract; that defendant told plaintiffs
that as she was going away for a time, if plaintiff decided
to purchase the property, Kelley was her agent and that
plaintiff could make the deal with him; that defendant
stated to plaintiff that the property later described in
contract, Exhibit B, was a better proposition than the
one plaintiffs had in contract, Exhibit A; that plaintiffs
finally decided, while defendant was away, to purchase
the property and entered into the second contract with
Kelley.

There was evidence on behalf of plaintiffs that they
had traded their equity in a rooming house to Mrs. Kib-
ler for the assignment of Exhibit A, and that for that
equity they had paid one thousand dollars; also that
when they took the assignment, there were four monthly
back payments due of $45 each, which they paid, and
made other payments aggregating about $287; also that
being unable to meet the December payment, they de-
posited a diamond ring with defendant as security, for
which she gave them a receipt, and which she since has
retained. The only evidence of the value of the ring,
given by plaintiff, was that he paid $120 for it.

At the time of the making of contract, Exhibit B, plain-
tiffs were in arrears to defendant for some four or five
monthly payments, and previous to the making of the
latter contract plaintiffs had told defendant that by rea-
son of the fact that the house described in Exhibit A had

become vacant in December, and on account of his meager salary, $17.50 per week, they were unable to continue the payments, and asked to be relieved from the obligations of the contract. Following this, defendant then proposed, according to plaintiffs' evidence, to sell them the property which was afterwards described in Exhibit B.

Contract, Exhibit A, provided, among other things, that for failure to make the payments provided for, defendant might, upon thirty days' notice, declare a forfeiture of the contract.

Plaintiffs' evidence was to the effect that she never declared a forfeiture, never gave them any notice that a forfeiture would be declared, and never said anything to them about it. If that be true, then, contract, Exhibit A, was in full force and effect at the time contract, Exhibit B, was executed.

There was evidence tending to show that plaintiffs were to have possession of the property described in Exhibit B within ten days after the date of the contract, but it appears that they were never let into possession of the property, and that defendant took possession of the property described in Exhibit A, and disposed of the same.

There was also evidence tending to show that at the time Exhibit B was entered into defendant did not own the property described therein, and had no interest in the same, although some time later she did become the owner thereof.

The foregoing evidence, as we read it, does not tend to establish a parol contract for the sale of the property. Plaintiffs, at the time of the alleged oral contract, had not decided to purchase the property described in Exhibit B, and did not so decide until after defendant left Denver. Defendant told plaintiffs that if they decided after she left, to take the property, they could enter into the contract with her agent, Kelley.

The court instructed the jury that the contract, Exhibit B, was illegal and void under the statute of frauds, because Kelley was not authorized in writing, by defendant, to execute it, but further told the jury that if "defendant verbally agreed or promised the plaintiffs to make such a contract, or convey the property therein described to the plaintiffs, and you further find that the plaintiffs relied thereon and surrendered the possession of the property described in Exhibit A, and you further find that the defendant refused to carry out said terms, then, and in that case, plaintiffs, you are instructed, are entitled to recover as their damages the amount of their equity, if any, in Exhibit A at the time they surrendered said property to the defendant."

In so instructing the jury, the court erred.

Assuming that the evidence established a parol contract for the sale of the property, and assuming that the plaintiffs intended to base their action upon such contract, the same should have been alleged and set forth in their complaint. It is very apparent that the complaint itself gave no intimation to defendant that reliance would be placed upon an oral contract, and her defense was that Kelley was not authorized in writing to sign the contract, Exhibit B.

It is too plain for argument that the plaintiffs' action was based on contract, Exhibit B, which the court held to be void. The complaint clearly stated a cause of action based on that contract.

After defendant's return, she took possession of the property described in Exhibit A, as we have seen, and disposed of the same. This, we think, amounted to a ratification and an acceptance of the contract, Exhibit B, entered into between Kelley and the plaintiffs. There was performance on the part of the plaintiffs, and if so the statute of frauds cannot avail defendant as a defense to the action upon contract, Exhibit B.

We think the principles announced in *Dreier v. Sherwood*, 77 Colo. 539, 238 Pac. 38, are applicable to the in-

stant case. We there held, opinion by Mr. Justice Whitford, that "Where the purchaser of lands has partly performed under a verbal contract, he can recover for what he has done in pursuance of the oral agreement, where the vendor insists upon the statute of frauds and refuses to perform."

In the circumstances revealed by the record here, plaintiffs would be entitled to recover such damages, if any, as they may have sustained by reason of a breach of contract, Exhibit B, if any, on the part of defendant.

The supersedeas is denied and the case is reversed with directions to grant defendant a new trial, and that the case proceed in harmony with the views herein expressed.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE ADAMS concur.