**No. C-234**

**Urton & Co., and Henrietta B. Urton, Jr. v. Ben R. Poznik**
(506 P.2d 741)

Decided February 20, 1973.          Rehearing denied March 12, 1973.

Richeson & McCain, David B. Richeson, for petitioners.

James B. Radetsky, Jules Ornstein, for respondent.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an action to compel specific performance of a written agreement for the purchase and sale of real estate. The action was brought by respondent (Poznik), the purchaser, against the petitioner (Urton), who is the seller. The trial court ordered Urton to specifically perform the agreement to convey, and this order was affirmed by the Court of Appeals. We agree that a decree for specific performance was properly issued, and therefore affirm.

Some of the testimony at trial was in conflict. In our statement of the facts, as to matters which were subject to

this conflicting testimony, we adopt, as we must, the findings of the trial court. *People ex rel. Dunbar v. Lee Optical Co. of Denver,* 168 Colo. 345, 452 P.2d 21.

On April 22, 1969, Poznik and Urton entered into a written contract whereby Urton agreed to sell an undivided one-half interest in some property located in Estes Park, Colorado. The contract called for a closing date of May 28, 1969, and included a clause which stated that "time is of the essence." Since there was an outstanding deed of trust against the property, Urton agreed to furnish an assumption statement which included the actual balance of the mortgage and the name of the holder of the note at the time of the proposed transaction.

A meeting was held on May 27, 1969, and, because Urton failed to furnish a sufficient assumption statement, the parties agreed in writing to extend the closing date of the contract to June 11, 1969.

When the parties met on June 10, 1969, Urton again failed to provide a sufficient assumption statement. This caused the parties to agree in writing to a second extension of the closing date to June 18, 1969. This written extension stated that Urton was to bring the deed, title policy commitment, and an assumption statement to the closing. It further stated that Poznik's attorney was holding a certified check for the balance of the purchase price which would be delivered to Urton at the closing.

Again, at the next meeting on June 18, 1969, an insufficient assumption statement provided by Urton prevented the parties from closing the transaction. As a result, the parties agreed, this time orally, to another extension of the closing date to enable Urton to obtain the information necessary to complete the assumption statement.

Thereafter, sometime between June 19 and June 21, 1969, Urton informed Poznik that it was not going through with the transaction.

We granted certiorari on the sole issue of whether or not this oral extension agreement is rendered unenforceable because of non-compliance with C.R.S. 1963, 59-1-8, which

requires that contracts for the sale of land be in writing.

Urton claims that because Poznik did not make a tender of payment on June 18, 1969, the agreement lapsed by its very terms; and that the oral extension has no efficacy.

■ Colorado recognizes two exceptions to the general rule that contracts for the sale of land cannot be modified by subsequent parol agreement. The first such exception is when the subsequent oral agreement amounts to a revocation of the written contract. *Niernberg v. Feld,* 131 Colo. 508, 283 P.2d 640; *see also Coulter v. Anderson,* 144 Colo. 402, 357 P.2d 76; *Payne v. Cumming,* 136 Colo. 244, 315 P.2d 818.

A second exception results when a party consents to or requests a postponement of performance by the other party which is for his benefit and the other party has acted on such request or consent. And this is so even though performance of the stipulation at the time specified may have been of the essence of the contract. *Dreier v. Sherwood,* 77 Colo. 539, 238 P. 38.

The trial court found Poznik's assent to the oral extension agreement was necessitated by Urton's failure to perform its duty of providing a sufficient assumption statement. Consequently, Poznik's non-performance of an actual tender within the time specified in the last written extension was not caused by his own inability or unwillingness to perform, but rather by reason of the extension agreement entered into due to Urton's failure to provide a sufficient assumption statement.

■ Where a party secures an oral agreement to extend the time for performance of a contract required by the statute of frauds to be in writing, he will be estopped to claim the benefit of the statute where the other party refrained from performing duties within the time specified in the written contract in reliance on the oral agreement to extend. *Dreier v. Sherwood, supra. See also Imperator Realty Co. v. Tull,* 228 N.Y. 447, 127 N.E. 263, 265, Cardozo, J., concurring; *National Importing and Trading Co. v. E A. Bear and Co.,* 324 Ill. 346, 155 N.E. 343; *Nissel v. Swinley,* 76 N.J.L.288, 69 A. 960; *Scott v. Hubbard,* 67 Or. 498, 136 P. 653;

*Scheerschmidt v. Smith,* 74 Minn. 224, 77 N.W. 34; 2 *A. Corbin, Contracts* § 310. Instead, Poznik had the extended time, pursuant to the oral agreement, in which to discharge his obligations under the written contract.

█ Since this oral extension agreement is enforceable despite C.R.S. 1963, 59-1-8, a decree of specific performance ordering Urton to convey the property pursuant to the original written contract for sale was properly issued.

The judgment is affirmed.