Kenneth C. BALL and Theresa A. Ball, Plaintiffs-Appellees,

v.

Dennis CARLSON, Charles Edward Ishmael, Defendants,

and

Stephen M. Teegardin, individually and d/b/a C.I.T. Construction Company, Defendant-Appellant.

No. 80CA0762.

Colorado Court of Appeals, Div. III.

Dec. 10, 1981.

Rehearing Denied Jan. 14, 1982.

**304**

Bennett & Rodgers, Brett N. Rodgers, R. Jerry Bennett, Colorado Springs, for plaintiffs-appellees.

Duitch, Duitch & Gerig, Frank A. Gerig, P. Ellen Koerner, Colorado Springs, for defendant-appellant.

VAN CISE, Judge.

Plaintiffs, Kenneth C. Ball and Theresa A. Ball, brought this action against defendants, Dennis Carlson, Charles Edward Ishmael, and Stephen M. Teegardin, individually and doing business as C.I.T. Construction Company (C.I.T.), to recover damages resulting from the alleged breach of a contract for the sale of a lot and the construction of a home thereon. The trial court entered judgment for plaintiffs, and defendant Teegardin appeals. We affirm.

C.I.T., a partnership consisting of Teegardin, Carlson, and Ishmael, was engaged in the development and sale of real estate. C.I.T. was in the process of acquiring and developing a parcel of land in El Paso County at the time that Carlson and the Balls negotiated and signed the subject contract in February 1978. The contract called for a closing date of May 10, 1978, and specified that time was of the essence and that the contract was "contingent upon approval of subdivision by county commissioners."

At the time the contract was signed, C.I.T. had not yet obtained approval for its subdivision from the county commissioners. As the closing date approached, the subdivision still had not been approved, but Carlson assured the Balls that it probably would be approved at the next meeting of the commissioners. The Balls agreed to wait for closing until the plans were approved. C.I.T.'s subdivision plans were approved by the commissioners in July 1978 and, as found by the trial court, were in substantially the same form as originally submitted by C.I.T. in February 1978.

In June 1978, Teegardin and Carlson met with the Balls. Although nothing was said about rescission, Teegardin informed them that it would cost between $7,000 and $8,000 more to build their house than the price specified in the subject contract. On

August 1, 1978, the listing agent for C.I.T., Real Estate Specialists, by its broker, defendant Teegardin, informed the Balls that C.I.T. considered the contract to be terminated, and returned the earnest money to them.

The Balls commenced this action for damages, alleging that C.I.T. had breached its contractual duty to construct and sell the house. Judgment was entered against defendant Ishmael by settlement and stipulation, and default judgment was entered against defendant Carlson. Defendant Teegardin proceeded to trial.

The trial court found that Carlson and the Balls had extended the closing date of the contract by agreeing to wait until the county commissioners approved C.I.T.'s subdivision. The court further found that C.I.T. had breached the contract by refusing to comply with the original contract terms. Judgment was then entered for plaintiffs in the amount of $7,800. Defendant Teegardin's appeal followed.

### I

Teegardin first contends that since he did not authorize Carlson in writing to enter into the subject real estate contract, the contract was only binding on Carlson individually. We disagree.

Section 7–60–109(1), C.R.S.1973, provides that "[e]very partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership . . . ." The effect of this provision is that the status of a partner, as both principal and agent of the partnership, serves as complete authority with respect to acts which are apparently within the usual course of the partnership's particular business, unless the other party knows that he has no such authority. This obviates the necessity of a specific written authorization from the other partners. *Ellis v. Mihelis*, 60 Cal.2d 206, 32 Cal.Rptr. 415, 384 P.2d 7 (1963). Thus, the act of a partner in selling real estate, when in the apparent scope of the partnership's business, is binding upon the partnership and the other partners without obtaining their written consent, notwithstanding the statute of frauds requirement, *see* § 38–10–109, C.R.S.1973, that the authority of an agent to sell real estate must be in writing. *Stone-Fox Inc. v. Vandehey Development Co.*, 290 Or. 779, 626 P.2d 1365 (1981).

C.I.T. was engaged in the business of real estate development and sale. Therefore, Carlson bound each partner by signing the contract in C.I.T.'s name. *See Stone-Fox Inc. v. Vandehey Development Co.*, *supra*. *See also* § 7–60–110(1), C.R.S.1973. Hence, the trial court did not err in entering judgment against Teegardin. Section 7–60–115, C.R.S.1973; *Kruse v. Bank of Fountain Valley*, 28 Colo.App. 364, 473 P.2d 171 (1970).

### II

Teegardin's second contention is that since subdivision approval had not been obtained by the contract closing date, the contract lapsed by its own terms. We do not agree.

A contract for the sale of land may be modified by a subsequent parol agreement when a party consents to, or requests, a postponement of performance by the other party which is for his benefit, and the other party has acted on such request or consent. This rule applies even though performance at the specified time was of the essence of the contract. *Urton & Co. v. Poznick*, 181 Colo. 15, 506 P.2d 741 (1973); *Dreier v. Sherwood*, 77 Colo. 539, 238 P. 38 (1925).

The record reveals that Carlson prompted the Balls to agree to extend the closing date of the contract so that subdivision approval could be obtained. Thus, C.I.T. remained obligated under the original contract when the county commissioners finally did approve the subdivision. *See Urton v. Poznick, supra*.

We have examined Teegardin's remaining contention of error and find it to be without merit.

Judgment affirmed.

KELLY and TURSI, JJ., concur.