Jean CATOE, Trustee of W.H. Catoe Corn Growers, Inc., Pension Retirement Trust; Tina McDonald, Trustee for James W. McDonald, Jr., Attorney At Law, P.A., Pension Retirement Trust; James W. McDonald; Tina McDonald; William C. Catoe; and Jean Catoe, Plaintiffs-Appellees,

v.

Dean L. KNOX and Donald R. Carpenter, Defendants-Appellants.

No. 84CA1218.

Colorado Court of Appeals, Div. II.

Oct. 17, 1985.

Gorsuch, Kirgis, Campbell, Walker & Grover, Michael J. Wadle, Catherine M. Meyer, Denver, for plaintiffs-appellees.

Towey & Zak, James J. Zak, James M. Edwards, Denver, for defendants-appellants.

STERNBERG, Judge.

The defendants, Dean L. Knox and Donald R. Carpenter (sellers), appeal from a judgment entered by the trial court in favor of plaintiffs (purchasers). We affirm.

In 1979 sellers sold purchasers three undeveloped lots located in Vail, Colorado. Purchasers paid cash for one lot and gave sellers promissory notes secured by deeds of trust on the remaining two lots. At the time these lots were sold, sellers represented to purchasers that the applicable zoning regulations would permit purchasers to construct six dwelling units of a specified size on the lots. In fact, the applicable regulations did not permit the planned construction.

After purchasers discovered that the town of Vail would not issue building permits for their planned construction, the parties had a series of discussions concerning their financial obligations to each other during the time necessary to obtain a variance from the zoning requirements. On conflicting evidence, the trial court found that these discussions culminated in an oral agreement whereby, until a variance was granted, purchasers would not make any principal payments on the promissory notes and interest would not accrue. Also on conflicting evidence, the trial court found that the parties had agreed that sellers would reimburse purchasers for attorney fees and costs incurred by them in obtaining the variance.

Although purchasers eventually obtained the necessary variance, the parties could not agree what balances were due sellers on the promissory notes. Under protest, the purchasers paid one promissory note and sellers instituted a public trustee foreclosure on the remaining note and deed of trust. Purchasers then brought this action against sellers to enjoin the foreclosure sale, to recover damages caused by the sellers' misrepresentations, to recover alleged overpayments on the note paid under protest, and to recover attorney fees and costs expended by them in obtaining the necessary variances. Sellers counterclaimed for judicial foreclosure of the remaining note and sought damages for defamation and outrageous conduct.

The trial court entered judgment in favor of sellers for the balance due on the note involved in the foreclosure action and also entered judgment in the same amount in favor of purchasers for overpayments made by them on the note paid under protest, for damages resulting from sellers' misrepresentations, and for purchasers' attorney fees and costs incurred in obtaining a variance from the town of Vail.

## I.

■ On appeal, sellers first contend that the evidence was insufficient to support the trial court's findings that sellers' misrepresentations contributed to construction delays and that the delays caused purchasers to incur damages of at least $4,214.45. We disagree.

Contrary to sellers' assertion, there is ample evidence in the record supporting the trial court's conclusion that the misrepresentation was a cause of construction delays. Because the purchasers could not obtain building permits from the town of Vail, they could not start building until after the necessary variances were obtained. There is also substantial evidence in the record that the delay resulted in increased costs and that, when finished, the units were worth less than they would have been worth had they been completed when originally planned. Because these factual determinations are supported by the record, they cannot be disturbed on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## II.

■ Sellers next contend that the trial court erred in finding that the parties had agreed that interest would not accrue on the promissory notes until a variance was obtained from the town of Vail. Again, we disagree.

Both the sellers and the purchasers testified that they had agreed that there would be a "moratorium" on payments of principal until a variance was obtained from the town of Vail. Purchasers testified that this agreement was to include both princi-

pal and interest, and sellers testified that it was only intended to apply to principal. However, there was also evidence that sellers had represented to a bank that interest had been "waived." This evidence, although conflicting, is sufficient to support the trial court's finding that the parties' original agreement was that interest would not accrue until the variance was obtained. *See Sunshine v. M.R. Mansfield Realty, Inc.*, 195 Colo. 95, 575 P.2d 847 (1978).

## III.

■ Sellers also assert that even if the parties had agreed that interest would not accrue until a variance was obtained, the trial court erred in enforcing this agreement because enforcement of an oral modification to a contract for the sale of land is precluded by the statute of frauds. We agree with the trial court that the statute of frauds was not applicable in this case.

■ The statute of frauds does not prevent enforcement of oral modifications to a contract for the sale of land where reinstatement of the original contract terms would be unjust in view of a material change of position in reliance on the subsequent agreement. *See Burnford v. Blanning*, 189 Colo. 292, 540 P.2d 337 (1975); *Urton & Co. v. Poznik*, 181 Colo. 15, 506 P.2d 741 (1973); *Restatement (Second) of Contracts* § 150 (1979). Under such circumstances to hold an oral modification unenforceable would, as stated in *Burnford v. Blanning, supra,* allow the statute to operate as a cloak for, rather than a shield against, fraud.

■ Here, the record demonstrates that purchasers, in reliance on the oral agreement that there would be a "moratorium" until the necessary variances were obtained, refrained from instituting legal action against sellers, and assumed the task of obtaining the necessary variances from the town of Vail. These actions are directly attributable to the oral agreement and constitute sufficient material change in position to render application of the statute of frauds unjust. Because of these circum-

stances, the trial court did not err in refusing to apply the statute of frauds.

## IV.

 Sellers' final contention is that the trial court erred in its award of attorney fees because a portion of the fees awarded were for the services of an attorney not licensed to practice in the state of Colorado. Sellers also argue that there was insufficient evidence of the necessity and reasonableness of the fees charged by this attorney. We disagree.

Sellers conceded at trial that they had agreed to reimburse reasonable and necessary attorney fees incurred by purchasers in obtaining a variance. Pursuant to this agreement, one of the purchasers who is an attorney licensed to practice in the state of Florida, together with a local Colorado attorney, undertook the project of convincing the town of Vail to grant a variance. No court appearances were made by either attorney, but there was extensive testimony regarding the work performed by these attorneys and sufficient evidence of the reasonableness of their charges. We hold that the trial court did not err in awarding attorney fees for the Florida attorney's services. *See Dietrich Corp. v. King Resources Co.,* 596 F.2d 422 (10th Cir.1979) (Illinois attorney performing consulting services in Colorado is not engaged in unauthorized practice of law under the Colorado Code of Professional Responsibility Canon 3 and therefore is entitled to be compensated as a lawyer).

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.