Alfred E. **BENT**, Plaintiff–Appellant,

v.

Margery M. **FERGUSON**, Defendant–Appellee.

No. 89CA0534.

Colorado Court of Appeals, Div. II.

April 12, 1990.

James Schum, Delta, for plaintiff-appellant.

Dufford, Waldeck, Milburn and Krohn, Grand Junction, for defendant-appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Alfred E. Bent, appeals from a summary judgment dismissing his claims arising out of the purchase and sale of certain real property. We reverse and remand for further proceedings.

The following facts are not in dispute. In 1974, plaintiff and Margery M. Ferguson, defendant, entered into a written contract whereby plaintiff agreed to purchase a certain tract of realty from defendant. In partial performance of the agreement, plaintiff paid defendant $70,000 of the $200,000 contract purchase price. However, the land was never conveyed, and defendant never returned any of the $70,000 to the plaintiff.

In November 1983, plaintiff brought suit seeking damages for breach of contract. That action was dismissed without prejudice. Then, in July 1988, plaintiff again filed a complaint which sought, *inter alia,* a decree quieting title to a portion of the property.

The trial court granted defendant's motion for summary judgment on the basis that the action was time barred under § 13–80–114, C.R.S., as in effect at the time the cause of action accrued (repealed by Colo.Sess.Laws 1986, ch. 114, § 13–80–114 at 695, 701).

Plaintiff contends that, under the doctrine of equitable conversion, he acquired an equitable interest in the realty upon the signing of the contract. Therefore, he as-

serts that the court applied the wrong statute of limitations. We agree.

## A.

■ The execution of a contract to purchase land renders an equitable conversion of the purchaser's contractual interest in the land into realty. *Dwyer v. District Court,* 188 Colo. 41, 532 P.2d 725 (1975). Accordingly, upon execution of the contract here, plaintiff, in equity, was regarded as the owner of an interest in the land. *See Dwyer v. District Court, supra; Chain O'Mines v. Williamson,* 101 Colo. 231, 72 P.2d 265 (1937).

This case is unlike *Kanarado Mining & Development Co. v. Sutton,* 36 Colo.App. 375, 539 P.2d 1325 (1975), relied upon by both the defendant and the trial court. In that case, a grantor conveyed a fee simple interest subject to a condition subsequent and, accordingly, retained only a right to re-enter. We concluded that this was "not a sufficient interest on which to ground a quiet title action."

■ Here, equitable "title," as opposed only to a "right" of re-entry, vested in the plaintiff when the contract was executed. Hence, as equitable owner, plaintiff's interest is sufficient to allow him to maintain a quiet title action, *see Dwyer v. District Court, supra,* and we therefore turn to the applicable statute of limitations.

## B.

■ The primary statute relied upon by the trial court, § 13–80–114, C.R.S. as then in effect, provided as follows:

"Bills of relief, in case of the existence of a trust not cognizable by the courts of common law and in all other cases not provided for in this article shall be filed within five years after the cause thereof accrues, and not thereafter."

However, if an action is one affecting realty only, § 13–80–114 has been held to be inapplicable. *See Munson v. Marks,* 52 Colo. 553, 124 P. 187 (1912). Further, since a more specific statute of limitations applies to this case, it, rather than the general equity statute of limitations, controls. *See Mohawk Green Apartments v. Kramer,* 709 P.2d 955 (Colo.App.1985).

Plaintiff claims that the proper statute to be applied is § 38–41–101, C.R.S. (1982 Repl.Vol. 16A). This statute, if it were applicable, would entitle plaintiff to an 18-year period before his suit would be barred. In our view, however, this is also not the most specific statute of limitations. *See Mohawk Green Apartments, supra.*

We conclude that, under the circumstances here, Colo.Sess.Laws 1953, ch. 67, § 118–7–16 at 205, *cf.* § 38–41–116, C.R.S., is the most specific and the most applicable statute of limitation governing these facts.

As in effect in 1974, that statute provided in pertinent part:

"No action ... shall be brought ... by any person to enforce ... any right or title accorded to the purchaser under any contract for the purchase and sale of real property if such person is not in possession of the real property ... and unless such action ... is commenced within ten years of the day ... appointed in such contract or [sic] the delivery by the seller of a deed.... If no day is appointed in such contract for the delivery of such conveyance, then such action ... shall be commenced within ten years of the day on which the last and final installment of the purchase price would have been paid but not thereafter."

In accordance with the subsequent technical amendment, we construe the statute to read "appointed in such contract *for* the delivery by the seller of a deed." Colo. Sess.Laws 1975, ch. 56, § 38–41–116 at 225 (emphasis added); *Brian v. Valley View Cattle Ranch, Inc.,* 35 Colo.App. 428, 535 P.2d 237 (1975).

In our view, plaintiff, as a purchaser not in possession, is attempting to enforce his right or title pursuant to the contract of sale, and accordingly, this statute is con-

trolling. Thus, the question becomes whether plaintiff's action was timely under its provisions.

### C.

Here, the contract provided that defendant would execute and deliver a general warranty deed to plaintiff on or before January 15, 1975. Hence, this statute allows plaintiff to bring an action to enforce any right or title he may have under the contract within ten years from that date. We must therefore determine whether plaintiff is precluded from bringing this action since it was not filed until July 1988.

Here, plaintiff asserts that delivery of the deed was postponed by mutual agreement. And, defendant acknowledges, in her motion for summary judgment, that the date for delivery of the deed is "obscure because the parties modified the 1974 written contract." The date on which the ten-year statute of limitations commenced to run is dependent on the resolution of this question. And, even though verbal, such an agreement to change the date for delivery of the deed would not be rendered unenforceable because of the statute of frauds. *See Poznik v. Urton & Co.*, 30 Colo.App. 475, 496 P.2d 1073 (1972), *aff'd*, 181 Colo. 15, 506 P.2d 741 (1973); *see also Colorado Investment Services, Inc. v. Hager*, 685 P.2d 1371 (Colo.App.1984).

Thus, a question of fact remains as to the parties' intent concerning when delivery of the deed was to take place, and therefore, we cannot determine, as a matter of law, when the ten-year statute of limitations began to run. Hence, the matter must be remanded for further proceedings on the issue as to any modification of the date set for delivery of the deed.

The summary judgment dismissing plaintiff's claim to quiet title to a portion of the property is reversed, and the cause is re-

manded for further proceedings consistent with the views expressed herein.

SMITH and HODGES *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).