## No 13,124.

Laramie Poudre Irrigation Company *v*. Redfeather Lakes Resort, Inc. et al.

(31 P. [2d] 917)

Decided March 12, 1934. Rehearing denied April 23, 1934.

Mr. WILLIAM R. KELLY, for plaintiff in error.

Mr. THOMAS J. WARREN, Mr. A. D. QUAINTANCE, Mr. HARVEY RIDDELL, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, as plaintiff below, filed suit to remove clouds from the title to its property, occasioned by a written agreement between plaintiff and the Redfeather Lakes Resort Company, predecessor in interest of the Redfeather Lakes Resort, Inc., defendant in error and defendant in the trial court. Demurrers to the amended complaint were sustained, plaintiff elected to stand, and the case was dismissed. Plaintiff brings error. We will refer to the parties as the irrigation company and the resort company.

In Larimer county, Colorado, there is located a group of 8 or 10 lakes formerly known as the Mitchell Lakes System of Reservoirs, and now a part of and known as the Redfeather Lakes Resort, Inc. The agreement above mentioned is too lengthy to set out in full, but contains the following general substance:

On January 30, 1928, in consideration of certain payments to be made, and mutual promises to be performed, the parties agreed, as they stated, upon a definition and settlement of their relative rights in said lakes and surrounding lands. The resort company agreed, at its own expense, to make certain enlargements of said lakes or reservoirs, and turn same over to the irrigation company, free from all liens or claims, in specified time and manner. Said enlargements were to be in the nature of an elevation of said dams for the purpose of impounding larger bodies of water. The resort company further agreed to convey certain lands to the irrigation company

and to purchase four water rights, of 32 shares each of the irrigation company's stock for the sum of $10,000, $1,000 to be paid in cash and the balance in installments to be evidenced by its promissory note secured by said stock as collateral, with the right of the irrigation company, in case of default, to sell the stock. The resort company also agreed to make certain exchanges of some of its lands with the United States Government and to convey a certain house located near one of the lakes to the irrigation company or in the alternative to convey 10,000 square feet of land adjacent to another lake with a five room house thereon or pay it $500 in cash.

■■ As to the work to be performed by the resort company, the irrigation company alleges, that as to certain lakes there was a compliance with the contract, as to others, the resort company had not performed, and as to others, the resort company had not completed the work. Such allegation of nonperformance is insufficient to allow plaintiff the drastic relief of rescission. The irrigation company's allegations support the principle of substantial performance. The contract contains no provision for forfeiture or rescission, and in the face of admissions by no denial, that a substantial part of the contract had been performed by the resort company, there being no allegation of damage, we look with disfavor on a claim for forfeiture, when such right is based only on the conclusion of the pleader to the effect that there is no adequate remedy at law. The complaint affords us no suggestion as to how the resort company could be placed in status quo, which is always the chief consideration in an action for rescission. *Hamill v. Thompson,* 3 Colo. 518.

■■ The resort company completed two, and partially completed four dams, which increased the depth of the impounded water and in turn extended the water line by inundating additional land of the resort company surrounding the lakes. The land thus under water, originally belonging to the resort company, cannot be re-

stored without destruction of the dams. The resort company, in consideration of this contract, exchanged certain lands with the United States Government. This cannot be restored by the irrigation company. The irrigation company sold the stock that was held as collateral security for the note given, for the balance of the purchase price on which $1,000 had been paid, for an amount much less than the agreed purchase price. In so doing, it ratified the contract as made, and proceeded thereunder. This was done long after alleged default had occurred. When it so elected to ratify, it cannot ask for a rescission. It appears that the irrigation company desires to rescind as to part of the contract and accept all benefits from both the complete and partial performance of other parts. Rescission must be of entire contract, not merely a part. *Walker v. MacMillan,* 62 Colo. 136, 140, 160 Pac. 1062.

"Equity will not decree a forfeiture unless the strict letter of the contract requires it." *Operative Corp. v. McIntyre Co.,* 85 Colo. 519, 277 Pac. 773.

This contract, by its terms, does not provide for rescission. It is apparent that the damages, if any, can be ascertained and compensated in an action at law, therefore equity will not grant the relief here sought.

The judgment of the trial court was right and is affirmed.

Mr. Chief Justice Adams and Mr. Justice Burke concur.