## No. 15,010.

STANTON *v.* UNION OIL COMPANY OF CALIFORNIA.
(142 P. [2d] 285)

Decided October 4, 1943.

Messrs. VAN CISE, ROBINSON & CHARLTON, Mr. STEWART A. SHAFER, for plaintiff in error.

MESSRS. SMITH, BROCK, AKOLT & CAMPBELL, Mr. KARL F. CRASS, Mr. JERRY H. POWELL, Mr. L. A. GIBBONS, for defendant in error.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

A SUIT in equity, brought by defendant in error, plaintiff below, to which we hereinafter refer as plaintiff, against plaintiff in error, defendant below, hereinafter designated as defendant, to obtain specific performance of a contract to assign a patent for the dewaxing of petroleum oils.

The trial below lasted ten days and the record consists of more than 2300 folios, or 882 pages; but the abstract of record before us contains only the pleadings, the orders of court thereon, the findings and decree of the trial court and the objections thereto. Defendant states in his brief: "The defendant has not attempted to abstract the testimony, consisting of more than 2300 folios, for the reason that the testimony upon the question of fraud was in such conflict that this court would probably not reverse the findings of the lower court on such conflicting evidence, and for the further reason that the defendant was unable financially to pay the expense of printing an abstract of the testimony."

The pertinent facts, as disclosed by the abstract of the record and a supplemental abstract furnished by plaintiff, are:

January 31, 1934, one Subkow, patent counsel for plaintiff, wrote defendant inquiring as to the patent. After further correspondence, and on April 23, 1934, Subkow and defendant met in Denver and defendant signed and delivered to Subkow a letter, stating, inter alia:

"In consideration of ten dollars * * *, receipt of which is hereby acknowledged, I hereby grant to Union Oil Company * * * an option upon the following terms and conditions:

"1. By payment of * * * $1,000, on or before June 10, 1934, Union Oil Company * * * shall have a right and license under said patent to use the invention covered by said patent and an exclusive right and license to grant licenses to others under said patent; said

licenses to extend for the full term of said patent upon the following terms and conditions:

"a. On or before June 10, 1935, Union Oil Company * * * is to pay me * * * $3,500.

"b. On or before June 10, 1936 * * * $4,500.

"c. On or before June 10, of each succeeding year for the full term of said patent * * * $5,000.

* * *

"3. I am now under retainer by the Vickers Petroleum Company * * * upon a retainer fee of * * * $250 per month. Union Oil Company * * * as a condition of said option and upon acceptance thereof, further agrees that in the event said Vickers Petroleum Company within the year from June 10, 1934, to June 10, 1935, terminate said retainer, Union Oil Company * * * will * * * pay me during said period * * * a sum of * * * $250 per month, provided, however, that Union Oil Company's * * * obligation to pay * * * shall not exceed $1,500, in addition to the $1,000 provided in paragraph * * * one * * *.

"Union Oil Company * * * may accept this option and acquire the herein license * * * by depositing * * * $1,000 at the National City Bank of Denver * * * to my account, and notifying me of said acceptance * * *.

"Union Oil Company * * * may on or before June 10, 1938, purchase and I agree to assign * * * all my right, title and interest in and to said patent on demand for * * * $30,000. All payments made hereunder shall apply against purchase price, i.e., Union Oil Company * * * may acquire said patent as above by paying the difference between sums previously paid hereunder and * * * $30,000.

"Union Oil Company * * * may cancel said license and all * * * rights and obligations thereunder, at any time after acceptance as provided above on thirty * * * days written notice to me * * *."

April 24, 1934, defendant signed and delivered to Subkow a letter, stating: "Referring to my option letter of

April 23, 1934, * * * in consideration of * * * $10, receipt of which is hereby acknowledged, the following shall form part of option expressed in said letter. In the event Union Oil Company * * * accepts the option expressed in said letter and upon the termination of my agreement with * * * Vickers * * *, the licenses granted and agreed to be granted and the assignment agreed to be conveyed * * * shall, without additional consideration to me, extend to and include all inventions and patent rights relating to processes and devices for the separation or removal of wax from petroleum oils by the use of electricity, made or developed or otherwise acquired by myself."

June 3, 1937, defendant signed and delivered to Subkow a letter, stating, inter alia:

"In consideration of * * * $1.00 * * * in hand paid and in further consideration of Union Oil Company * * * agreeing to pay all costs of the escrow agreed to be established as herein specified I agree * * *:

"1. I designate the First National Bank of Denver * * * as an escrow for the following purposes:

"(1) I will deposit with said escrow the original grant of patent * * *.

"(2) I will deposit * * * a fully executed assignment of said patent to Union Oil Company * * *.

* * *

"(5) I have received * * * $15,500 in accordance with the terms of said option. When Union shall have paid into said escrow the total sum of $14,500 in accordance with the terms of said option, making a total of $30,000 paid by Union Oil Company * * *, the escrow shall deliver said assignment and * * * patent * * * to Union Oil Company * * *.

* * *

"(7) In the event that any payment made under said option agreement is not made * * * the escrow shall return to me the original assignment and * * * patent."

There is a discussion in the briefs as to the expendi-

ture by plaintiff of the sum of $100,000 in furtherance of the development of the patent, and in reliance upon the agreement between the parties, but we are furnished with no abstract of the record as to any such evidence.

September 10, 1937, defendant wrote Union Oil Company as follows:

"I have conferred with my attorneys relative to the rights accruing to me under our agreement of April twenty-third, 1934, and subsequent agreements relating thereto.

"Upon their advice, I am withdrawing my offer to sell the patent * * * at the price of $30,000, as previously given, and I intend this letter as my formal notice to your company that the patent is not for sale at this figure. * * *."

June 3, 1938, plaintiff tendered defendant $14,500 and demanded an assignment of the patent. Defendant refusing, thereafter plaintiff filed suit, alleging the agreement, the payment of $15,500, the tender of the balance of the purchase price, and asking judgment for specific performance.

The answer of defendant consisted of six separate defenses, the second, third, fourth and fifth thereof going to the mutuality of the agreement and to the consideration; the first, in substance a general denial, and the sixth alleging fraud. Demurrers were sustained to the second, third, fourth and fifth defenses. No objection relating to the action of the trial court in sustaining the demurrers is contained in the specification of points, as required under subdivision (f) of Rule 111, chapter 17, R.C.P. Colo., '35 C.S.A., although it is contended by counsel for defendant that such action was erroneous.

No specification of points is directed to the findings of fact and decree of the trial court in favor of plaintiff, nor are we furnished with an abstract of the record showing the evidence upon which they are based, except letters hereinabove referred to.

The only questions before us are those raised by the specification of points. These are directed to the contention that the contract involved is void or unenforceable for want of mutuality or consideration, or because of indefiniteness. The trial court found adversely, and on review, all presumptions are in favor of the judgment.

The points urged as error on this review, in substance, are: The agreement contained in the letter of April 23 was void for want of mutuality or of consideration; the payment of $1,000 was solely as a consideration for the licensing agreement, leaving no consideration to support the option to purchase; the several options contained in the letters are not sufficiently definite to be enforced; the option to license and the option to purchase constituted two separate and distinct agreements, neither dependent upon the other, and, there being no consideration for the option to purchase, it is unenforceable; expenditure of money not called for by the contract furnishes no consideration for the option; defendant could not be compelled to assign to plaintiff all of his new inventions which he might develop or acquire in the future.

The trial court, in its findings and decree, stated, inter alia: "That the option contract in the complaint set forth, including the option to purchase contained therein and the contract based upon the acceptance of said option to purchase, was and is fair, just, mutual, reasonable and equitable and was and is based upon a valuable, adequate and equitable consideration, and its execution was free from any fraud, bad faith or unethical conduct upon the part of the plaintiff, the said Philip Subkow, or anyone else acting in behalf of the plaintiff."

Regardless of objections that might be urged to the case as presented for review, in any event, it would seem that the issue is narrowed to defendant's claim that there was no mutuality in the original agreement, and no consideration.

It is contended by defendant that the letter of April

23, 1934, contained two options, one for license and the other for purchase of the patent; that these options were divisible, and were separate and distinct, and one in no way depended upon the other. A careful study of the letter convinces us otherwise, and the letter of defendant written in June, 1937, more than three years later, controverts his present position and furnishes his interpretation of the agreement at that time.

It is our opinion that the several letters constituted an option to plaintiff to do two things: one, to acquire the rights to licensing agreements; two, to purchase the patent for a named sum, on or before a certain date; and that defendant received adequate consideration therefor.

The present suit for specific performance is not upon the original option agreement, but upon the contract that arose from plaintiff's exercise of its option, and this contract had mutuality and was founded upon an adequate consideration.

■■ The option to purchase required no mutuality. Plaintiff paid a valuable consideration therefor, to wit, $14,500, the receipt of which was acknowledged by defendant, and the option was irrevocable by defendant before the date agreed upon for the exercise thereof. An option, if supported by consideration, cannot be withdrawn before its expiration, and the question of mutuality, either of obligation or remedy, is not involved. 5 Pomeroy's Eq. Jur. (2d ed.) [1919], par. 2195; *Gordon v. Darnell,* 5 Colo. 302; 58 C.J. 974. Nor is mutuality of obligation essential, where there is any other consideration for the contract. 6 R.C.L., p. 686, §93; *Taylor v. Kingman Feldspar Co.,* 41 Ariz. 376, 18 P. (2d) 649; 13 C.J. 331; *Northwestern Oil & Gas Co. v. Branine,* 71 Okla. 107, 175 Pac. 533; *Meurer Steel Barrel Co., Inc. v. Martin,* 1 F. (2d) 687; *Rifle Potato Growers Co-operative Ass'n v. Smith,* 78 Colo. 171, 240 Pac. 937.

■ Upon exercise of plaintiff's option to purchase the patent, the agreement ceased to be an option and ripened into a mutually binding and mutually enforce-

able contract. The points urged by defendant have no application to this new contract, which is the contract involved in this case. *Hoogendorn v. Daniel,* 178 Fed. 765; *Northern Illinois Coal Corp. v. Cryder,* 361 Ill. 274, 197 N.E. 750, 101 A.L.R. 1420; *Wilson v. Seybold,* 216 Fed. 975; *Rude v. Levy,* 43 Colo. 482, 96 Pac. 560; *Castle Creek Water Co. v. City of Aspen,* 146 Fed. 8; *Phares v. Don Carlos,* 71 Colo. 508, 208 Pac. 458.

The contract of sale and purchase created by the exercise of plaintiff's option to purchase meets and satisfies all the legal requirements of consideration and of mutuality of obligation and remedy. 58 C.J., p. 867, §20; *O'Donnell v. Chamberlin,* 36 Colo. 395, 91 Pac. 39; *Castle Creek Water Co. v. City of Aspen, supra.*

We therefore conclude that plaintiff's option to purchase defendant's patent was based upon an adequate consideration and was irrevocable by defendant before the option period had expired. Having exercised its option and tendered the balance of the purchase price, plaintiff is entitled to a decree for specific performance of the contract arising from the exercise of the option.

Finding no error, the judgment is affirmed.

MR. CHIEF JUSTICE YOUNG dissents.