No. 17,528.

PHILIP NIERNBERG *v.* NATHAN B. FELD AND ESTHER FELD.
(283 P. [2d] 640)

Decided May 9, 1955.   Rehearing denied May 31, 1955.

Mr. John T. Maley, for plaintiff in error.

Messrs. Early & Keller, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Philip and Melba Niernberg, husband and wife, defendants in the trial court, as owners of certain real estate, entered into a sales agreement with Nathan B. and Esther Feld, which agreement was designated as "Receipt and Option." The Felds paid $1,500.00 as a deposit on the agreed purchase price of $27,000.00, the balance to be paid on or before May 5, 1952, part in cash and part by a note secured by deed of trust on the property. Abstract of title was to be furnished the buyers on or before April 25, and, provided payment was made or tendered by the buyers on or before May 1, the sellers were to convey the property by warranty deed and the agreement provided that if payment was not made or tendered as provided, then the money paid and receipted for was to be held as liquidated damages, and in either case, both purchaser and seller were to be released from all further obligations. Arrangements were made for the Felds, the buyers, to secure a first loan on the property and the sellers furnished an abstract within the time provided in the agreement. Prior to May 1, the Felds decided they "couldn't go through with the deal," and so advised their attorney, who notified the sellers, and on the same day Nathan Feld advised Philip Niernberg to the same effect.

Apprehension by the Felds, as to the matter of a return of the deposit, caused them to arrange for a conference with the Niernbergs in their attorney's office, which was held prior to May 1, 1952, at which conference Nathan B. Feld, Philip Niernberg and the Felds'

attorney were present. Neither Mrs. Feld nor Mrs. Niernberg attended this conference. It was orally agreed by those present that the Niernbergs might retain the $1,500.00 deposit and procure a buyer for the property, and if they were able to sell the property for the same or better price, than the Felds had agreed to pay, then the $1,500.00 deposit was to be returned to the Felds, the buyers; however, if the owners were forced to sell the property for less, they were to deduct the difference between the price obtained and the price the Felds had agreed to pay from the deposit, and if there was any difference it was to be paid to the Felds.

Philip Niernberg denied that there was such a meeting held before May 1, 1952, and that he made any such oral agreement. About ninety days thereafter, the property was sold for a price equal to or in excess of what the Felds had proposed to pay and the Niernbergs refused to refund the deposit, whereupon the present suit was instituted by complainants. The first cause of action was on an oral agreement whereby defendants were indebted to plaintiffs in the sum of $1,500.00; the second claim set up the written contract herein mentioned and the subsequent oral agreement, alleging that Feld and Niernberg were acting as agents for their wives in entering into the oral agreement, and in its breach by defendants.

Defendants separately answered, admitting the written instrument; denying the subsequent oral agreement; denying the agency between defendants; alleging the forfeiture by plaintiffs; and further, that if such oral agreement was entered into, it was contrary to the statute of frauds; without consideration; and therefore void.

The issues were tried before a jury and at the conclusion of plaintiffs' evidence each defendant moved for dismissal of a fourth cause of action based upon allegations of fraud and deceit, which motion was sustained. They further moved for a dismissal of the remaining causes of action on the grounds: 1. The oral agreement was contrary to and in violation of the statute of frauds.

2. The oral agreement was without consideration. 3. That there was no evidence to support a finding that Niernberg was acting as agent for his wife in entering into the oral agreement; and that without her consent, such an agreement could not serve to change the effect of the prior written agreement. The trial court sustained this motion as to defendant Melba Niernberg, the wife. The jury returned a verdict in favor of plaintiffs against defendant Philip Niernberg for the amount of the deposit, together with interest accrued thereon. To the judgment entered on this verdict, error is specified and the argument summarized as follows:

1. An attempted executory rescission or modification of a prior written agreement is invalid as being in violation of the statute of frauds.

2. That a subsequent oral promise was without consideration and therefore void, because no benefit was conferred or detriment suffered.

3. The oral promise of defendant Philip Niernberg given to plaintiffs did not constitute a rescission of the written agreement, because one of the parties to the written agreement was not a party to the subsequent oral agreement, and one joint obligor could not agree to a rescission without the consent of the other obligor.

The applicability of the statute of frauds in the present action arises in connection with the question of whether or not the rescission agreement entered into was required to be in writing. We believe this question to be one of first impression in this jurisdiction and we find the decisions of other jurisdictions to be in serious conflict. Defendants in their motions to dismiss relied upon either section 6 or 8, or both, chapter 71, '35 C.S.A., which are as follows:

Section 6: "No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by or operation

512

of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing."

Section 8: "Every contract for the leasing for a longer period that one year, or for the sale of any lands or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made."

██ There can be no doubt that the original agreement concerning the sale and purchase of an interest in land was required to be in writing in compliance with the above statute. It is well to note at the outset that this original written agreement was never performed. The authorities upon which plaintiff in error relies generally, have to do with executed contracts. It seems to be the better-reasoned rule that an executory contract involving title to, or an interest in, lands may be rescinded by an agreement resting in parol. The statute of frauds concerns the making of contracts only, and does not apply to the matter of their revocation. The requirements for the making of a contract is one thing, and the revocation or rescission thereof is another, and we are satisfied to announce as the law in this jurisdiction that such executory contracts may be rescinded by the mutual consent of the parties thereto.

██ As to the question of lack of consideration, we find that in the instant case there was a promise for a promise involving the release of each party from further performance, and this mutual consideration is sufficient to support the agreement. Further, we find that in this instance, the party here relying upon the statute of frauds has accepted a benefit to the detriment of the other party, the buyer, in that, the seller did sell the property for a price equal to, or in excess of, what plaintiffs had contracted to pay, thereby receiving a substantial benefit; besides, he had all of plaintiffs' money that

was on deposit, and after making the agreement—although denied by him, but sufficiently established—he should not, as a matter of right and wrong, retain a full deposit from one party and then sell the property to another for a higher price; neither is he in position to successfully contend as a reason for escape, that he is not liable, because his wife was not a party to the rescission. If he assumed to act in her absence and she was dismissed from the case, he should be bound by his own actions and declarations. Notwithstanding his denial that he entered into the subsequent oral agreement, the jury resolved this question against him upon the facts presented. We perceive no reversible error in the trial record nor in the instructions given the jury; and the verdict is amply supported by the evidence; accordingly the judgment based thereon should be, and is, affirmed.