No. 17,933.

D. F. PAYNE *v.* ROBERT E. CUMMING.
(315 P. [2d] 818)

Decided September 23, 1957.

Messrs. SANDHOUSE & SANDHOUSE, for plaintiff in error.

Messrs. WOLVINGTON & CARLETON, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

DEFENDANT in error Cumming brought an action in the district court of Sedgwick county in which he sought to recover the sum of $1,500.00 from plaintiff in error Payne. Payne asserted the right to keep said sum, admittedly received by him from Cumming, on the ground that it was "liquidated damages" under the terms of a contract between the parties, and that Cumming had failed to perform the agreement; that because of said nonperformance he had forfeited all right to said sum.

Trial was to a jury which returned a verdict in favor of Cumming, upon which the trial court entered judgment. Payne, seeking reversal, brings the cause to this court by writ of error.

The contract above mentioned provides in part, that if Cumming, the purchaser, "shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed," then Payne, the seller, would convey to him certain described personal property and execute a lease to described premises being property upon which Payne operated a bulk oil plant. The purchaser agreed to pay Fifteen Thousand Seven Hundred Sixty Dollars ($15,760.00), plus the inventory of all stock of merchandise. One Thousand Five Hundred Dollars ($1,500.00) was to be paid upon signing of the contract; the balance to be in cash and by execution of a note on the date of entering into possession, which was specified as November 15, 1949.

The contract further provided:

" * * * and in case of failure of the said party of the second part to make either of the payments or perform any of the covenants on his part, this contract shall be forfeited and determined at the election of said party of the first part, upon his giving to the said party of the second part 10 days' notice of his intention so to do; and the said party of the second part shall forfeit all payments made by him on this contract; and such payments shall be retained by the said party of the first part in full

satisfaction and liquidation of all damages by him sustained; and he shall have right to re-enter and take possession of said premises.

" * * * That the time of payment shall be an essential part of this contract, * * *."

Although the argument of counsel is presented under several captions, all are based upon the contention that the evidence offered in support of Cumming's claim was insufficient to warrant submission of the cause to the jury, and that the trial court erred in denying Payne's motion for a directed verdict. The instructions which were submitted to the jury are not a part of the record before us; we therefore assume that they correctly stated the law applicable and were adequate to cover all phases of the evidence offered by the parties.

■ It is argued that "the evidence offered failed to establish a contract of rescission between the parties." We have examined the entire record and are of the opinion that the jury was fully justified in reaching the conclusion that the contract was rescinded by mutual consent of the parties who entered into it. A rescission, under the circumstances here present, may be established by evidence of a parol agreement of the parties made subsequent to the written contract which is the subject of the rescission. *Niernberg v. Feld,* 131 Colo. 508, 283 P. (2d) 640.

It is further argued that the trial court erred in holding that a written contract can be rescinded by unilateral action of one party to such contract. This argument ignores completely the testimony of Cumming which the jury was entitled to believe, and is based upon the contradicted testimony of Payne which the jury was at liberty to disbelieve. Cumming testified that he and Payne agreed that, "I was to give up my rights under the contract and he was to give me my money back."

It is argued that the court erred in permitting a written contract to be voided by evidence of a rescission

resting in parol. *Niernberg v. Feld,* supra, is authority to the contrary.

It is urged also that the purported rescission agreement was void under the statute of frauds. We find no merit in this contention which is based on the premise that Payne declared a forfeiture by "giving to the said party of the second part 10 days' notice of his intention so to do." It is argued that by this alleged forfeiture the contract was executed in all respects as though it had been fully performed, and any claimed contract of rescission would be subject to the provisions of the statute of frauds. The only evidence to support the claimed notice of forfeiture is that given by Payne, who was asked a palpably leading question and gave the answer plainly indicated as follows:

"Q. Subsequent to November 15, 1949, did you ever tell Mr. Cumming that you were going to conform to the terms of the agreement and declare the $1500 forfeited? A. Yes."

On cross-examination he stated that the information concerning forfeiture as above stated was given orally. No other detail of the notice necessary under the terms of the contract to effect a forfeiture appears in the record. Cumming, however, denied any such notice as follows:

"Q. Were you ever notified by the defendant that the contract was forfeited and he would retain the $1500.00 as liquidated damages? A. No, sir, every time I talked to him I was led to believe that he was going to give me my money back."

Thus there was a direct conflict in the evidence on the question of notice of forfeiture.

The statute of frauds has no application to the facts before us. Reduced to its simplest terms the case presented for consideration of the jury the claim of plaintiff of a mutual rescission, and the contrary claim of defendant of a forfeiture. The jury believed the plaintiff.

The judgment of the trial court is affirmed.

Mr. Justice Holland, Mr. Justice Hall and Mr. Justice Frantz concur.