No. 22242.

COLUMBIA SAVINGS AND LOAN ASSOCIATION, A COLORADO CORPORATION *v.* DALE COUNCE.

(447 P.2d 977)

Decided December 9, 1968.

366

HAROLD TAFT KING, C. J. HAFERTEPEN, for plaintiff in error.

COLLIER, HAYDEN & SWEENEY, LEEON E. HAYDEN, JR., GEORGE T. SWEENEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

COLUMBIA Savings and Loan Association (Columbia Savings) directs this writ of error to a judgment entered in an action brought by Dale Counce to foreclose a mechanic's lien against certain property once owned by Wisdom Enterprises, Inc. (Wisdom). Prior to trial, Columbia Savings foreclosed a deed of trust on the same property, which it had taken as security for a loan granted to Wisdom. During the trial, therefore, Columbia Savings stood as the record owner of the property, and was the defendant in the litigation. After hearing the evidence and considering the stipulated facts, the trial court found that Counce had a valid mechanic's lien which had priority over the interest of Columbia Savings, and entered judgment accordingly.

Dissatisfied with that judgment, Columbia Savings

now contends that as a matter of law Counce was the equitable owner of the property at the time he performed the work and was therefore not entitled to a mechanic's lien.

Counsel have stipulated that on July 6, 1962, Wisdom had record title to the property involved in this action. On July 6, 1962, Wisdom and Counce executed an instrument designated a "Receipt and Purchase Agreement." Thereafter, as we have pointed out, Wisdom executed a deed of trust to finance the construction of a house on the property. From the transcript, it further appears that the building contractor permitted Counce to do some of the work on the house at three dollars an hour. Counce was never paid and thereafter, in apt time, duly filed his mechanic's lien. On the basis of the evidence, the trial court found that Counce was entitled to a judgment of $1,200.25 for his labor and materials, and that his mechanic's lien to secure this amount was valid and enforceable. Columbia Savings does not dispute the accuracy of the amount of the judgment, but argues that Counce had no standing to claim a mechanic's lien under the statute. We disagree.

To support its position, Columbia Savings contends that the "Receipt and Purchase Agreement" obligates Counce to purchase the property. Therefore, according to its argument, Counce was in fact the equitable owner of the property under familiar rules of equitable conversion, and could not claim a mechanic's lien against the property under the terms of the statute.

The instrument in question, however, does not support that conclusion. It designates a purchase price of $20,000. Of that amount, $50 was paid when the instrument was executed. Further provisions authorize Counce to apply to a lending institution for a loan of $12,000 to be secured by the property. Wisdom is to erect a house on the property within six months from the date of issuance of a building permit. The instrument further provides that time is of the essence, and that if Counce

fails to comply with all of the terms and conditions of the contract, the rights and obligations of the parties shall terminate.

From the terms of the instrument, it appears that the ·parties executed an option agreement which gave Counce the right to demand the conveyance of the property, provided that he performed the conditions of the contract. Nothing in the contract obligates Counce to purchase the property. In passing, we note that Columbia Savings had no objection to the instrument's characterization as an option when, at the beginning of the trial, it stipulated that Wisdom "sold an option" to Counce.

██ The option to purchase the property ripens into a mutually binding and mutually enforceable contract only when the option is exercised. *Shull v. Sexton*, 154 Colo. 311, 390 P.2d 313; *Stanton v. Union Oil Co. of California*, 111 Colo. 414, 142 P.2d 285; and *Rude v. Levy*, 43 Colo. 482, 96 P. 560, 24 L.R.A. (n.s.) 91, 127 Am.St.R. 123. At no point in the proceedings has Columbia Savings contended that Counce ever attempted to exercise the option. Accordingly, Counce had neither legal nor equitable ownership under the doctrine of equitable conversion.

██ Although the record clearly supports the inference that Counce intended to live in the house when it was completed, he owned no interest in it which would preclude him from claiming a mechanic's lien under the statute. Until he exercised the option, he stood as any other person supplying labor and materials, and was therefore entitled to claim a lien under the provisions of C.R.S. 1963, 86-3-1.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE GROVES concur.