496 P.2d 1073 (1972)
Ben R. POZNIK, Plaintiff-Appellee,
v.
URTON & CO., and Henrietta B. Urton, Jr., Defendants-Appellants.
No. 70-687.
Colorado Court of Appeals, Div. II.
March 21, 1972.
As Modified on Denial of Rehearing April 11, 1972.
Certiorari Granted May 30, 1972.
James B. Radetsky, Jules Ornstein, Denver, for plaintiff-appellee.
David B. Richeson, Denver, for defendants-appellants.
Selected for Official Publication.
COYTE, Judge.
Defendants, hereinafter referred to as seller or defendant, appeal from a judgment ordering specific performance of a contract to sell land. Henrietta B. Urton was president of Urton & Co., and title to the land was in the name of the corporation.
Plaintiff and defendant each owned an undivided one-half interest in the property as tenants in common. The written contract whereby defendant agreed to sell her interest in the property to plaintiff included a clause which stated that time was of the essence and a further clause which agreed to a closing date of May 28, 1969. The parties met on May 27, 1969, and signed a written extension, extending the closing date of the contract to June 11, 1969. On June 10, 1969, they again met and agreed in writing to extend the closing date to June 18, 1969. This extension stated that the defendant was to bring the deed, a title policy commitment and the assumption statement to the closing. The extension agreement further stated that plaintiff's attorney was holding a certified check for the balance of the purchase price to be *1074 delivered to the seller at the closing. At the meeting on the agreed closing date of June 18, 1969, an adequate assumption statement was not furnished by seller. The purported holder of the note secured by a deed of trust on the property was deceased, leaving the ownership of the deed of trust unknown. There is no real dispute in the above facts.
It was disputed as to whether there was a further agreement to extend the time for closing, but the trial court found as a matter of fact that on June 18, 1969, the parties, by mutual agreement, orally extended the time for closing so as to allow defendant time to get a proper assumption statement. Within the next few days the defendant advised plaintiff that she was not going to complete the sale. Plaintiff thereafter brought suit for specific performance on the contract.
Defendant claims that the contract was not in effect after June 18, 1969, and that specific performance is improper in this case. We agree with the findings of the trial court and affirm.
In the present case the date for closing was twice extended in writing. The trial court specifically found from conflicting testimony that a third extension was orally agreed upon. On the third extension no specific date was set for closing, although it was anticipated that only a few days would be needed. Where there is sufficient evidence to sustain the finding that the parties had orally agreed to an extension of time for the closing of the contract, this finding will not be disturbed on review. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537.
Defendant contends that there could be no oral extension of time for closing of the contract, because such an agreement would be in violation of the statute of frauds. We disagree. The statute does not apply to an oral agreement to extend the time for performance of an executory contract. See Niernberg v. Feld, 131 Colo. 508, 283 P.2d 640; Payne v. Cumming, 136 Colo. 244, 315 P.2d 818.
Defendant asserts that because tender of the purchase price was not made the trial court erred in ordering specific performance. The trial court found that because of the failure of defendant to supply the necessary information, plaintiff was not required to make a tender of the purchase price. In any event defendant had advised that she would not complete the sale. When the defendant refused to perform, plaintiff was not required to make an idle or useless gesture of tender. Gerbaz v. Hulsey, 132 Colo. 359, 288 P.2d 357.
The plaintiff was willing and able to perform his obligations under the terms of the contract and was entitled to specific performance of the contract for the sale of the land. Coppom v. Humphreys, 171 Colo. 410, 467 P.2d 816.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.