523 P.2d 133 (1974)
William M. LANSDALE, Plaintiff-Appellant,
v.
H. J. GEERLINGS, Defendant-Appellee.
No. 73-271.
Colorado Court of Appeals, Div. I.
May 29, 1974.
*134 Haas & Westberg, Craig S. Westberg, Durango, for plaintiff-appellant.
Hamilton, Sherman, Hamilton & Shand, P. C., E. B. Hamilton, Durango, for defendant-appellee.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
In this quiet title action, plaintiff, William M. Lansdale, claimed an undivided one-half interest in a 3½ acre parcel of land in La Plata County, the record title to which stood in the name of defendant, H. J. Geerlings. Following a trial to the court, judgment was entered decreeing that plaintiff had no interest in the property. Plaintiff appeals from that judgment. We affirm.
Plaintiff bases his claim on an oral agreement entered on February 3, 1966, *135 under which the parties were to become co-owners of the parcel. Defendant admits that the agreement was entered into, but asserts that it was rescinded by mutual agreement in April or May of 1966.
The land was bought for construction of housing for students at Fort Lewis College. The total purchase price was $7000, with $1000 down and the balance payable in monthly installments for ten years. On February 4, 1966, plaintiff drew a check for $500, payable to defendant, on the back of which defendant typed the terms of the agreement as follows:
"½ down payment on 3½ acres near Ft. Lewis College, Durango, Colorado
Property undivided ½ Lansdale et ux and undivided ½ Geerlings
Balance of $6,000 payable jointly by Lansdale et ux and Geerlings in monthly installments of $66.6210 year loan at 6.0% interestcommencing 3-1-66."
Prior to receipt of the check, defendant had paid the seller the full down payment and obtained a deed to the property in his name alone.
The dispute here is whether the contract was rescinded by mutual oral agreement in the spring of 1966. The evidence as to what occurred is in conflict; however, the testimony establishes that in the spring of 1966 the money market was tight and that the cost of bringing utilities to the property, especially sewer facilities, was to be very high. Defendant testified that, in a phone conversation, this information was given to plaintiff, and, that plaintiff then agreed that he was not interested in the project, that defendant could retain the entire interest in the land, and that the $500 paid to defendant would be treated as a loan. In turn defendant agreed that he would pay back the $500 and would assume, as his sole obligation, the payment of the balance due on the purchase price.
On June 14, 1966, plaintiff sent defendant a check for $1000, to which was attached a voucher on which was typed, "H. J. GeerlingsLoan." Defendant testified that the check was a loan. Although plaintiff admitted that the notation was typed on the voucher by his secretary at his direction, he maintained that the check represented a payment on account on his obligation under the original agreement.
It is undisputed that for the next five and a half years, until this action was commenced in October 1971, the defendant paid all the property taxes and monthly installments on the balance of the purchase price. Plaintiff testified he forgot all about the matter until reminded of it by his mother in the fall of 1971. The alleged property interest was not listed in plaintiff's decree of dissolution of marriage entered on February 2, 1971, nor in a marital settlement agreement related thereto. Also, plaintiff admitted that he had never asked defendant the amount of taxes or interest payable on the property, and had taken no income tax deductions for such expenses. On the other hand defendant testified that he had consistently taken such deductions.
The trial court found that the original contract had been rescinded by mutual agreement and quieted title to the land in defendant. On appeal plaintiff asserts that the trial court erred in finding that there was a rescission because 1) there was no restitution or restoration of the status quo, 2) there was no consideration for the rescission and 3) the defendant failed to meet his burden of proof. We find no merit in these contentions.

I
Plaintiff first urges that, since plaintiff had not been restored to his former status by repayment of the funds advanced toward the purchase price of the land, it was reversible error for the trial court to find a rescission. In support of this argument, plaintiff points to both the $500 check issued in February 1966 and the $1000 check issued in June 1966. Defendant testified, however, that the $1000 check represented a personal loan at a time when defendant was short of funds and was *136 wholly unrelated to the purchase of the land. That testimony is consistent with the voucher notation attached to the check. In any event, defendant admits that he owes $1500 to plaintiff and stated in his answer that he was ready, willing, and able to repay plaintiff the $1500 plus interest.
The trial court found that the $1000 advanced by plaintiff to defendant was a loan and not a payment on the purchase price. This finding is supported by the evidence.
The evidence in the record also supports the inference that the parties agreed that immediate restitution of plaintiff's $500 was not required in order for the contract to be discharged.
"If the existing agreement that is the subject of rescission is still a bilateral contract, each of the parties has one or more rights under the contract to be given up, as well as one or more duties under it from which to be discharged. In such a case a mutual assent to a rescission is at once operative to discharge both parties." A. Corbin, Contracts § 1236 (one vol. ed.).
Under the circumstances presented here, the trial court was not required to find that repayment of plaintiff's funds was a condition precedent to an effective agreement to rescind.

II
Plaintiff also argues that the evidence did not show any consideration for the rescission agreement and that, therefore, the trial court's finding of rescission was not justified. However a promise for a promise, releasing each party from further performance, is mutual consideration sufficient to support an agreement to rescind an executory contract for the sale and purchase of real estate. Niernberg v. Feld, 131 Colo. 508, 283 P.2d 640. See also A. Corbin, Contracts § 1294 (one vol. ed.).
Here, the defendant's promise to repay the funds loaned by plaintiff, his promise to pay the balance of the purchase price of the property (and to discharge plaintiff's duty to make further payments), and his assumption of the other burdens incidental to land ownership, including the payment of taxes (corresponding with the discharge of plaintiff's duty to do so) furnished ample consideration for the oral agreement to rescind.

III
Plaintiff also seems to contend, on appeal, that an oral agreement to rescind a contract for the purchase and sale of real estate is invalid under the Statute of Frauds. This issue was neither raised as an affirmative defense by way of reply nor included among the issues listed in the pre-trial order, and plaintiff did not raise the argument in his motion for new trial. Therefore, the question is not properly before us for review. Nonetheless, we point out that an executory contract for the sale of land may be rescinded by a subsequent oral agreement. Niernberg v. Feld, supra; Urton & Co. v. Poznik, Colo., 506 P.2d 741.

IV
Finally, plaintiff contends that defendant did not meet the burden of proof required to establish a rescission. We disagree. A contract may be rescinded or discharged by acts or conduct of the parties inconsistent with the continued existence of the contract, and mutual assent to abandon a contract may be inferred from the attendant circumstances and conduct of the parties. Yale Co-Op. Corp. v. Rogin, 133 Conn. 563, 53 A.2d 383. 17 Am.Jur.2d Contracts § 490.
Notwithstanding plaintiff's denial that he had agreed to treat the $500 as a loan and let defendant keep the property, the trial court found that:
"[A]ll of the testimony in this case is consistent with the proposition that there had been a rescission of the agreement whereby the plaintiff and defendant were to take the lands with each having ownership of one-half, and that this rescission occurred some time in April or *137 May of 1966. It is inconceivable to the Court that, had there not been such a rescission, the plaintiff would have made no inquiry about this land until the year 1971. In his own words he even says he forgot about the lands."
In the presence of conflicting evidence, the question of whether a contract has been rescinded by mutual agreement is properly one of fact. 17 Am.Jur.2d Contracts § 490. Where, as here, the testimony was in conflict, "[i]t was up to the trial courtand it is not our provinceto measure the credibility and weight of the testimony of these witnesses." People ex rel. Dunbar v. Lee Optical Co., 168 Colo. 345, 452 P.2d 21.
The trial court's finding that there was a mutual rescission is supported by the evidence and will not be disturbed on review. People ex rel. Dunbar v. Lee Optical Co., supra.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.