**Juanita TROMP and Rosario Tromp, Plaintiffs-Appellants,**

**v.**

**Gloria M. MARTINEZ and D. Benjamin Martinez, Defendants-Appellees.**

**No. 84CA0995.**

Colorado Court of Appeals, Div. III.

March 13, 1986.

Rehearing Denied April 24, 1986.

Alfred C. Harrell, Douglass B. Auer, Denver, for plaintiffs-appellants.

Russell E. Vigil, James M. DeRose, Denver, for defendants-appellees.

SILVERSTEIN, Judge.*

Plaintiffs, Juanita and Rosario Tromp (purchasers), appeal a trial court judgment which rescinded a contract of the parties, and ordered execution of a quitclaim deed conveying the Tromp's one-half interest in a parcel of real estate to defendants, Gloria and Benjamin Martinez (vendors). Plaintiffs argue that the trial court's decision is contrary to the law and the facts and to a stipulation of the parties. They also assert the trial court erred in striking a master's report. We affirm.

---

\* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

## I.

The record supports the trial court's findings that, in 1973, the vendors agreed to convey to purchasers a one-half interest in real property owned by the vendors in exchange for the purchasers' agreement to pay one-half of the purchase price for the property, including payments on a mortgage, and to pay one-half of the cost of maintaining the property. Further, the evidence supports its finding that the purchasers made the required payments for the first six months following execution of the contract, but thereafter failed to make any further payments for a period of five years, at which time this action was commenced in 1978.

The court further found that during that interval the only communication between the parties occurred when the purchasers in 1974 sued the vendors to compel execution of the deed from the vendors to the purchasers. That suit was dismissed when the vendors executed the deed. During the five-year period, and while this action was pending, the vendors made all the payments on the mortgage and paid all the costs of maintenance, including taxes and insurance. The total expenditures by the vendors between 1973 and 1981, when an accounting was had, totalled about $61,000, a small part of which came from part-time rental of some of the property.

The trial court held that the purchasers' failure to comply with the provisions of the contract after August 1973 amounts to a rescission, declared the contract to be rescinded, and ordered the vendors to repay the amount paid by the purchasers under the contract. The purchasers' contention that the judgment is contrary to the law and the facts is without merit.

 Rescission is a proper remedy where, as here, there is such a substantial breach of the contract that the conduct of the parties is inconsistent with its continued existence. *Joyce v. Davis*, 539 F.2d 1262 (10th Cir.1976); *see Lansdale v. Geerlings*, 523 P.2d 133 (Colo.App.1974) (not selected for publication); *see also Acker v. Johns*, 121 Colo. 336, 216 P.2d 426 (1950).

The facts stated above concerning purchasers' total failure to perform for some five years support the trial court's ruling that the contract was rescinded.

## II.

Two trials were held. The first trial ended when the parties entered into a stipulation which provided that the purchasers and the vendors owned the property as tenants-in-common; the property would be sold, and the net proceeds would be distributed to the parties as their interests appeared after an accounting of the contributions of each party toward the purchase and maintenance of the property, the income received, and the benefits from the use of the property. The stipulation also provided that if the accounting were not completed by a specified date, the court would appoint a master to conduct the accounting. Pursuant to this provision, a master was appointed with directions to file a preliminary report.

After several delays, a master's report was filed on June 15, 1982. No objections were filed and on July 15, 1982, the master's report was adopted by the court. On July 1, 1983, the vendors filed a motion to strike the master's report. The motion was granted on April 24, 1984.

Also, the purchasers, in November 1982, filed a motion to list and sell the property. This motion was held in abeyance pending the determination of the interests of the parties. Therefore, the second trial was had on this issue.

### A.

 The purchasers here contend that the judgment ignores, and is contrary to, those parts of the stipulation which set forth the ownership of the property, and provided for the sale thereof. We disagree.

First, there was no dispute that the purchasers held title to the property as tenants-in-common with the vendors. The stipulation merely echoed that fact, and did not deprive the vendors or the court of the

right to determine the issue before the court, *i.e.*, whether the purchasers had abandoned their record interest in the property.

Further, the court properly held the sale of the property in abeyance until a determination of the interests of the parties was reached. The right of either party to a sale and the subsequent distribution of the net proceeds hinged upon establishing an existing right to such a distribution. The rescission of the contract, brought about because of the purchasers' breach, deprived them of any rights in the property, and rendered the issue moot.

### B.

■ The purchasers also assert the court erred in striking the master's report since the motion to strike was not timely filed. By virtue of the trial court determining that the purchasers have no interest in the property, the contents of the report were rendered immaterial. Therefore, the error, if any, was harmless.

Judgment affirmed.

KELLY and METZGER, JJ., concur.

