**David CLARK, Plaintiff–Appellee,**

v.

**David SCENA and Paula Scena, Defendants–Appellants.**

No. 02CA0535.

Colorado Court of Appeals, Div. I.

Dec. 4, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Astrella & Rice, P.C., T.R. Rice, Denver, Colorado, for Plaintiff–Appellee.

Stephen K. Gerdes, Denver, Colorado; Michael T. Scena, Denver, Colorado, for Defendants–Appellants.

Opinion by Chief Judge DAVIDSON.

Defendants, David and Paula Scena, appeal from the judgment of the trial court granting specific performance in favor of plaintiff, David Clark. We affirm.

Defendants and plaintiff entered into a contract under which plaintiff would purchase from defendants certain real property. After an extension, the transaction was set to close on April 16, 2001. Plaintiff received a commitment for a loan to purchase the property. However, because of the terms of this financing, the funds for the purchase of the property would be placed in escrow for three days following the closing, and plaintiff would have a three-day right to rescind the loan agreement. Defendants knew of these terms but did not inform plaintiff of any objection before the scheduled closing.

On April 13, 2001, defendants' agent informed plaintiff's agent that defendants were taking the property off the market and can-

celing the scheduled closing. It was later determined that this decision was based on the failure of a third-party sale, which was financially necessary from defendants' perspective for this sale to proceed. Plaintiff's agent informed defendants' agent that plaintiff still intended to proceed to closing.

On April 16, 2001, plaintiff sent defendants a letter indicating that he was "ready, willing, and able" to close the sale. Neither party attended the scheduled closing, and no tender of the purchase price was made.

Pursuant to the terms of the contract, plaintiff sued for specific performance. After a bench trial, the trial court granted specific performance in favor of plaintiff. Defendants now appeal.

Defendants challenge the trial court's determination that plaintiff had sufficiently performed his obligations under the contract to preserve his right to specific performance. Defendants argue that the trial court misapplied the relevant law and erred in making its factual determinations. We disagree.

## I.

Defendants first assert that the trial court erred in determining the legal standard regarding the scope of plaintiff's obligation necessary to preserve his right to specific performance. We disagree.

■ Whether plaintiff sufficiently performed under the contract to preserve his right to specific performance is a mixed question of fact and law. Thus, we review the trial court's legal conclusions de novo. *See E–470 Pub. Highway Auth. v. 455 Co.,* 3 P.3d 18 (Colo.2000).

### A.

■ Specific performance is an equitable remedy. *Setchell v. Dellacroce,* 169 Colo. 212, 454 P.2d 804 (1969). Therefore, one seeking specific performance has an obligation to "do equity." *See Golden Press, Inc. v. Rylands,* 124 Colo. 122, 126, 235 P.2d 592, 595 (1951)("courts require that he who seeks equity should do equity and come with clean hands"); *Rolfes v. O'Connor,* 844 P.2d 1330, 1333 (Colo.App.1992)("A party seeking

specific performance of a contract must not be guilty of the first substantial breach of that contract."). Accordingly, we must determine what a buyer of real estate must do to "do equity" and preserve the right of specific performance.

### 1.

Defendants cite numerous cases that discuss varying standards regarding the character and scope of a buyer's obligation. Some cases require the buyer to make reasonable efforts to perform all the obligations under the contract. *See, e.g., Miller v. Carmody,* 152 Colo. 353, 361, 384 P.2d 77, 81 (1963)("to maintain a suit ... he must have himself first performed, or offered to perform, or shown sufficient excuse for not performing, all of the conditions required of him by the agreement"). Other cases require the buyer to provide the seller with unequivocal notice of the buyer's unconditional commitment to be bound by the contract. *See, e.g., Damiana v. Kowalski,* 532 P.2d 773, 775 (Colo.App. 1975)(not published pursuant to C.A.R. 35(f)). Other cases seemingly require compliance with both of these obligations. *See, e.g., Nix v. Clary,* 640 P.2d 246 (Colo.App.1981). Still other cases require a buyer to be "willing and able" to proceed with the transaction; these cases use the aforementioned standards as persuasive, but not determinative factors. *See, e.g., Poznik v. Urton & Co.,* 30 Colo.App. 475, 478, 496 P.2d 1073, 1074 (1972)(citing *Coppom v. Humphreys,* 171 Colo. 410, 467 P.2d 816 (1970); "plaintiff was willing and able to perform his obligations under the terms of the contract and was entitled to specific performance of the contract for the sale of the land"), *aff'd,* 181 Colo. 15, 506 P.2d 741 (1973).

In ordering specific performance, the trial court found that (1) "there was no breach in this case on the part of plaintiff"; (2) plaintiff provided "unequivocal notice of his unconditional commitment to be bound by the contract"; and (3) "plaintiff was ready, willing and able" to perform under the contract.

### 2.

In our review of the relevant authorities, we note that the cases requiring a buyer's

performance and unequivocal notice usually involve the enforcement of receipt and option contracts as opposed to contracts for purchase and sale of property. In receipt and option contracts, in exchange for payment of a certain sum of money, the buyer receives an option to purchase the property at a set time for a set amount.

While a transaction pursuant to an option contract is functionally the same as a contract for the sale of property, *see* Ronald Brown, *An Examination of Real Estate Purchase Options*, 12 Nova L.Rev. 147 (1987), no valid contract to purchase exists until the buyer exercises the option. *Columbia Sav. & Loan Ass'n v. Counce*, 167 Colo. 365, 368, 447 P.2d 977, 978 (1968); *see Schreck v. T & C Sanderson Farms, Inc.*, 37 P.3d 510, 513 (Colo.App.2001). Because a valid contract is a prerequisite to specific performance, a holder of an option must comply with the terms regarding the exercise of the option to be eligible for specific performance. *See Stanton v. Union Oil Co.*, 111 Colo. 414, 421, 142 P.2d 285, 288 (1943); *Winter Park Ranch, Inc. v. Richards*, 545 P.2d 1367, 1369 (Colo.App.1975)(not published pursuant to C.A.R. 35(f)); *see also Karakehian v. Boyer*, 900 P.2d 1273 (Colo.App.1994)(an option must be exercised in strict compliance with its terms), *rev'd in part on other grounds*, 915 P.2d 1295 (Colo.1996).

However, in purchase and sale agreements, unlike in option contracts, a valid contract to buy is formed when both parties have agreed to the terms and have undertaken obligations pursuant to these terms. *See Stelson v. Haigler*, 63 Colo. 200, 208, 165 P. 265, 268 (1917)("A contract of sale creates mutual obligations on the part of the seller to sell, and on the part of the purchaser to buy, while an option gives the right to purchase, within a limited time, without imposing any obligations to purchase."). *See generally Denver Truck Exch. v. Perryman*, 134 Colo. 586, 592, 307 P.2d 805, 810 (1957) (essential elements of a contract are "competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligations"). As a result, a buyer's actions under the terms of the contract must be viewed in light of the seller's conduct.

Whether the purchase price was tendered or whether the buyer notified the seller of its intention to be bound, therefore, is not determinative of the buyer's right to specific performance. *See Coppom v. Humphreys, supra; Poznik v. Urton & Co., supra.*

Thus, if a buyer and seller have entered into a binding agreement, to successfully seek specific performance, the buyer only need establish that he or she is "willing and able" to perform. *See Coppom v. Humphreys, supra; Poznik v. Urton & Co., supra.*

We note that in determining that a buyer was willing and able, courts have considered whether the buyer had partly performed under the contract or had provided notice to the seller of intent to perform. *See Coppom v. Humphreys, supra.* However, unlike in the cases involving receipt and option contracts, these factors are not determinative of a buyer's entitlement to specific performance of a purchase and sale agreement.

### B.

We have concluded that, under a purchase and sale contract, a buyer must establish that it was willing and able to close the transaction. We next consider defendants' assertion that plaintiff did not preserve his right to specific performance because (1) plaintiff failed to tender at the time set for closing, and (2) he was unable to tender. We conclude plaintiff's lack of tender was not determinative because he was not required to comply with the terms of the contract to preserve his right to specific performance. Instead, the lack of tender was a factor to be evaluated by the trial court, along with other evidence, in determining whether plaintiff was willing and able to close the transaction.

We also conclude that plaintiff's alleged lack of the financial ability to tender was not dispositive in determining plaintiff's compliance with his obligation. None of the cases cited by defendants set forth any such requirement. *See Howard v. Interstate Development Co.*, 29 Colo.App. 287, 483 P.2d 1366

(1971); *Poznik v. Urton & Co., supra;* and *Damiana v. Kowalski, supra.*

■ Indeed, insofar as these authorities imply that a buyer must show the ability to pay, such ability to pay is considered, not as a necessary factor, but merely as evidence supporting the ultimate determination of fact. For example, in option cases, the ability to pay has been persuasive of a buyer's commitment to be bound by the contract. *See, e.g., Damiana v. Kowalski, supra,* 532 P.2d at 775. In purchase and sale contracts, an evaluation of a buyer's ability to pay may be persuasive to a trial court in determining whether the buyer was willing and able to close the transaction. *See, e.g., Poznik v. Urton & Co., supra,* 30 Colo.App. at 476, 496 P.2d at 1073–74 (because "plaintiff's attorney was holding a certified check for the balance of the purchase price to be delivered to the seller at the closing," plaintiff was willing and able to close the transaction).

In evaluating a buyer's ability to pay, courts have considered all relevant evidence, including evidence of a seller's conduct preventing the buyer from establishing its ability to pay. For example, notice provided by the seller of its intention not to proceed with the transaction has been held relevant in evaluating whether the buyer had the ability to pay. *See Poznik v. Urton & Co., supra,* 30 Colo.App. at 478, 496 P.2d at 1074 (when the defendant refused to perform, plaintiff was not required to make "an idle or useless gesture of tender").

### C.

Defendants nevertheless contend that the trial court erred in granting specific performance because the "time is of the essence" clause in the contract here required plaintiff to perform at the time set for closing. Thus, defendants argue that plaintiff's failure to perform at that time was determinative of plaintiff's right to specific performance. Again, we disagree.

■ If "time is of the essence" to the contract for sale, a delay by the buyer from the time originally set for closing will prevent specific performance in the buyer's favor.

*See White v. Greenamyre,* 77 Colo. 33, 234 P. 164 (1925).

■ Accordingly, defendants' assertion that plaintiff had to perform at the time set for closing to preserve his right to specific performance is legally inaccurate. Instead, the "time is of the essence" clause merely prevented the trial court from evaluating whether plaintiff was willing and able to perform at a date later than the date set for closing. The presence of this clause required the trial court to evaluate, as it did here, whether plaintiff was willing and able to close the transaction at the time set for closing, instead of at some later time.

### II.

We also disagree with defendants that the trial court erred in finding that plaintiff was "ready, willing, and able" to close the transaction at the time of the closing.

Defendants assert that the trial court ignored the significance of plaintiff's failure to tender payment at the time of closing and his intended use of a three-day escrow to close. However, the trial court has discretion to weigh conflicting evidence in the record in making its determination and we will uphold its findings on review unless they are so clearly erroneous as not to find support in the record. *Bainbridge, Inc. v. Bd. of County Comm'rs,* 53 P.3d 646 (Colo.App.2001).

■ Here, the evidence in the record supports the trial court's finding that plaintiff was willing and able to close the transaction. As to plaintiff's willingness, the record indicates plaintiff sent a letter to defendants on the day of scheduled closing indicating his desire to close. Furthermore, the testimony of both the buyer's and seller's agents indicated that plaintiff desired to close.

As to plaintiff's ability to close, there was evidence that he had acquired the funds necessary to close through approval of a loan for the amount required at closing. Although defendants assert that the use of the escrow established that plaintiff lacked the ability to close the transaction, the trial court found that plaintiff would have delivered cash at closing had defendants objected to the escrow. This finding is supported by plaintiff's

testimony. The court also discounted the escrow evidence because defendants refused to participate in the closing. As a result, plaintiff was denied the opportunity to prove his ability to close the transaction.

Accordingly, we conclude that no error occurred here.

Because of our disposition here, we need not reach defendants' other arguments. And because plaintiff has not filed a cross-appeal, we also decline to address his claim for further relief based on defendants' failure to timely convey the property.

The judgment is affirmed.

Judge DAILEY and Judge LOEB concur.